No. 42,496

RICHARD W. JOHNSTON, *Appellee*, v. STATE OF KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW, *Appellant*.

(369 P. 2d 394)

Opinion filed March 3, 1962.

*Lynn D. Smith*, of Topeka, argued the cause, and *Joseph S. Payne*, of Kansas City, was with him on the briefs for the appellant.

No appearance was made by appellee.

The opinion of the court was delivered by

FATZER, J.: The plaintiff sought benefits under the Employment Security Law found in G. S. 1949, 44-701, *et seq.*, and amendments thereto in G. S. 1959 Supp. The appeal is from an order of the district court overruling a motion of the Board of Review of the Employment Security Division to dismiss plaintiff's petition on the grounds the district court had no jurisdiction of the subject matter or of the person of the plaintiff.

The plaintiff-appellee, Richard W. Johnston, filed his petition for judicial review in the district court of Sedgwick County pursuant to G. S. 1959 Supp., 44-709 (*h*), in which he named the Board of Review of the Employment Security Division Department of Labor, as defendant. The petition alleged that plaintiff applied for unemployment compensation benefits during the months of September, October, November, December, 1959, and received the sum of $640; that on April 22, 1960, he was informed by the Board that he was found to be ineligible for unemployment compensation benefits because he was "unavailable for work"; that he duly perfected an appeal from the ruling of the referee denying benefits, and on August 10, 1960, the Board ordered that a hearing be held for the plaintiff's attorney-in-fact in Wichita and that the transcript be forwarded to it for its review and decision; that at the hearing on August 19, 1960, evidence was presented showing that plaintiff had made a reasonable effort to obtain employment and at all times was available for immediate employment, and that on November 15, 1960, the Board denied plaintiff unemployment compensation benefits "because he was unavailable for work, being enrolled as a student."

It was further alleged the decision of the Board was invalid and void and should be reversed for the reason that the findings of the Board as to the facts were not supported by and were contrary to the evidence; that the findings of fact were insufficient as a matter of law to support the Board's decision; that no evidence was presented at the hearing to show plaintiff had failed to meet the eligibility requirements or was guilty of any misconduct under G. S. 1959 Supp., 44-705, or any other provisions of the Employment Security Law, or that the plaintiff had violated any regulation prescribed by the State Labor Commissioner, and that plaintiff had exhausted all of his administrative remedies within the meaning of the Employment Security Law. The prayer was that the court judicially review and overrule the decision of the Board and award plaintiff his costs as provided in G. S. 1949, 44-718 (b).

Pertinent provisions of G. S. 1959 Supp., 44-709 (h), read:

". . . Within ten days after the decision of the board has been mailed, any party aggrieved thereby may secure judicial review thereof by commencing an action against the board for the review of its decision *in the district court of the county in which such party resides, or has his principal place of business.* . . . In such action, a petition which need not be verified, but which shall state the grounds upon which a review is sought, shall be served upon the board or upon such person as the board may designate and such service shall be deemed completed service on all parties. . . . *With its answer,* the board shall certify and file with said court all documents and papers and a transcript of all testimony taken in the matter, together with its findings of fact and decision therein. . . ." (Emphasis supplied.)

Instead of following the command of the statute by answering, the Board, appearing specially, filed its motion to dismiss plaintiff's petition for the reasons that,

"This Court is without jurisdiction to hear said cause in that there is no testimony for the Court to review since plaintiff at no time during the administrative phase of the proceedings availed himself of opportunities for hearing accorded him by the Kansas Employment Security Division and the defendant Board.

"G. S. 1959 Supp., 44-709 (h), provides that plaintiff may secure a judicial review of the orders of the Employment Security Board of Review only in that county in which plaintiff resides; that plaintiff resides at 731 Clarkson, Denver, Colorado. The court, therefore, is without jurisdiction of either the subject matter or the person of the plaintiff."

It is well settled that the Employment Security Law is complete within itself and provides its own procedure for obtaining judicial review, and rules of the common law and other statutory provisions are inapplicable. (*Shumaker v. Kansas State Labor Dept.,* 154 Kan.

418, 118 P. 2d 550; *Craig v. Kansas State Labor Commissioner,* 154 Kan. 691, 121 P. 2d 203; *Smith v. Robertson,* 155 Kan. 706, 128 P. 2d 260.) The only reference made to the code of civil procedure is where provision is made that an appeal may be taken from the decision of the district court to the supreme court "in the same manner, but not inconsistent with the provisions of this act, as is provided in civil cases." With respect to procedure for obtaining judicial review, the Act contemplates the filing of "a petition which need not be verified, but which shall state the grounds upon which a review is sought." The Board is required to file an "answer" and to certify and file with the court all documents, papers and a transcript of all testimony taken in the matter together with its findings and decision therein. In other words, the only pleadings to be filed are a petition by the plaintiff who seeks judicial review and an answer by the Board. While the statute is specific that the plaintiff shall seek review in the district court of the county in which he resides or has his principal place of business, any question with respect to the plaintiff's residence should be raised in the answer of the Board so that the court may pass upon the question of its jurisdiction, and if it determines it has jurisdiction, it shall proceed to hear the action in a summary manner, which is given precedence over all other civil actions except cases arising under the Workmen's Compensation Law.

The Board's motion to dismiss the plaintiff's petition was not authorized by G. S. 1959 Supp., 44-709 (*h*), and the district court did not err in overruling it. It has been repeatedly and uniformly held that an order of the district court overruling a defendant's motion to dismiss an action is not a final order as defined by G. S. 1949, 60-3303, and is not one from which an appeal lies to the supreme court until final disposition of the cause below. (*Runnels v. Montgomery Ward & Co.,* 165 Kan. 571, 195 P. 2d 571; *Maichel v. Coleman,* 167 Kan. 93, 204 P. 2d 731.) Moreover, the question of the plaintiff's residence is one of fact, and this court does not propose to permit the Board to raise that question by a motion to dismiss the action before joinder of issues and trial upon the merits. (*Billups v. American Surety Co.,* 170 Kan. 666, 670, 228 P. 2d 731; *Breidenthal v. Breidenthal,* 182 Kan. 23, 31, 318 P. 2d 981.)

The appeal is dismissed.