No. 44,165

NELLIE P. CUSINTZ, *Appellee,* v. WILLIAM J. CUSINTZ, *Appellant.*

(404 P. 2d 164)

Opinion filed July 10, 1965.

*David W. Carson,* of Kansas City, argued the cause, and *John K. Dear, Ernest N. Yarnevich, J. W. Mahoney, Joseph T. Carey* and *John H. Fields,* all of Kansas City, were with him on the briefs for the appellant.

*Harry Hayward,* of Kansas City, argued the cause, and *Buford E. Braly,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order refusing to strike an *ex parte* order granting temporary alimony and child support and from an order denying a motion to dismiss a petition for alimony and child support.

The facts are not in dispute. On September 9, 1964, William Cusintz obtained a decree of absolute divorce from plaintiff in Reno, Nevada. She was served with summons in Wyandotte county, Kansas. On September 15, 1964, she filed suit for temporary and permanent alimony and support of the minor child. She obtained an *ex parte* order for $50.00 per week for the support and maintenance of her and the minor child, together with attorney fees. On October 1, 1964, defendant filed his answer, setting up the unconstitutionality of K. S. A. 60-1611 and on October 13, 1964, filed his motion to strike and motion to dismiss the petition. On October 16, 1964, the court overruled the motion to dismiss and the motion to strike.

The defendant has appealed.

Before considering the issues raised by appeal we must dispose of a jurisdictional question. An interim motion to dismiss the appeal was denied because the court did not feel that the issues before it were sufficiently clarified for such determination. The issues have now been fully briefed and the matter is before us for consideration.

The appellee suggests that the orders from which the appeal is taken are not final and therefore they are not appealable. K. S. A. 60-2102 provides in part:

"(a) *As of right.* The appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from: . . . (4) A final decision in any action, . . ."

A final order from which an appeal will lie is one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court. (*Connell v. State Highway Commission,* 192 Kan. 371, 388 P. 2d 637.) An order overruling a motion to dismiss an action is not a final or appealable order. (*Wichita Chamber of Commerce v. State Corporation Commission,* 179 Kan. 386, 295 P. 2d 670; *Johnston v. Kansas Employment Security Board of Review,* 189 Kan. 327, 369 P. 2d 394; *Donaldson v. State Highway Commission,* 189 Kan. 483, 370 P. 2d 83.)

The appellant does not seriously contend that it is appealing from a final order but rather that the basis for the appeal is the unconstitutionality of K. S. A. 60-1611 which permits a resident of this state to bring an action for alimony and child support where a divorce has been obtained in a foreign state against a resident of this state on constructive service.

An appeal is permitted from "an order . . . involving . . . the constitution of this state . . ." However, the order must have some semblance of finality. The fact that one of the parties raises a constitutional question does not permit an appeal to this court until the trial court has had an opportunity to make a full investigation and determination of the controversy. An order involving a constitutional question or one where the laws of the United States are involved has always been subject to review regardless of the amount in controversy. *Griggs v. Hanson,* 86 Kan. 632, 121 Pac. 1094; *Thomas v. Chicago B. & O. Rld. Co.,* 127 Kan. 326, 329, 273 Pac. 451; *Missouri Pacific Rld. Co. v. Richards,* 158 Kan. 178, 146 P. 2d 359.) Such an order is, however, subject to the rule that an order involving the constitutional question must constitute a final determination of the constitutional controversy. Any other conclusion would constitute a usurpation by this court of the original jurisdiction of the district court to determine actions involving constitutional questions.

The appeal is dismissed.

APPROVED BY THE COURT.