No. 44,486

WILLIAM D. OERTEL, a Minor, by and through JOSEPH G. OERTEL, his father and next friend, *Appellant*, v. FLORENCE A. PHILLIPS, *Appellee*.

(415 P. 2d 223)

Opinion filed June 11, 1966.

*Tom Boone*, of Leavenworth, argued the cause and was on the briefs for appellant.

*Lewis C. Smith*, of Kansas City, argued the cause, and *J. Milton Sullivant*, *Gerald L. Rushfelt*, *Clifford T. Mueller* and *Ralph D. Lamar*, of Kansas City, and *Ethan Potter*, of Leavenworth, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal is predicated upon the order of the district court granting the defendant's motion for a new trial.

This action was commenced by the plaintiff-appellant, William D. Oertel, a minor, by and through Joseph G. Oertel, his father and next kin, against the defendant-appellee, Florence A. Phillips, to recover damages for personal injuries resulting from a vehicular collision at the intersection of Broadway and Pennsylvania Streets in the city of Leavenworth. The appellant was a fifteen-year-old boy operating his motor scooter with a restricted driver's license. The evidence disclosed that on April 13, 1963, he was going west on Pennsylvania Street with the intention of making a right-hand turn at the intersection of Pennsylvania and Broadway. He stopped at the entrance of the intersection and looked both ways; he put his scooter into low gear, looked again, turned north on Broadway, and was struck by the appellee's car and pushed a car's length past the intersection. His left ankle was fractured and he was permanently injured.

The case was tried to a jury, commencing on December 14, 1964, upon issues framed by the pleadings which charged the appellee

with five specific acts of negligence and the appellant with five specific acts of contributory negligence. The trial lasted two days and the jury returned its verdict in favor of the appellant in the sum of $3,750. On December 23, 1964, the appellee filed a motion for a new trial, setting forth four grounds of alleged error. One of the grounds of error alleged that Instruction No. 11, which advised the jury as to the degree of care required of a fifteen-year-old minor operating a motor scooter with a restricted driver's license, was an erroneous statement of law.

On February 25, 1965, the motion for a new trial was fully heard and the district court took the motion under advisement. On April 16, 1965, in a memorandum opinion, the court granted the motion for a new trial and set aside the jury's verdict. The court found that Instruction No. 11 was erroneous as a matter of law and was misleading to the jury; that the appellee's rights had been substantially affected thereby, and that she had not waived her right to assign the instruction as error.

On April 29, 1965, the appellant perfected this appeal from the district court's order of April 16, 1965, granting the appellee's motion for a new trial and setting aside the jury's verdict.

Subsequent to the filing of the record on appeal, the appellee filed a motion to dismiss the appeal upon the ground that the order from which it was taken was not a final decision of the action within the purview of K. S. A. 60-2102, and, therefore, was not appealable. The motion was denied with leave to renew at the hearing on the merits of the appeal. When the action was heard, the appellee renewed the motion and it was orally argued by both parties.

K. S. A. 60-2102 states when the jurisdiction of the supreme court can be invoked. That part of the statute here pertinent reads:

"(a) *As of right.* The appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from: . . .

"(4) *A final decision in any action,* except in an action to recover money, the amount in controversy must be in excess of five hundred dollars ($500). In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable. . . ." (Emphasis supplied.)

Subsection (*b*) provides when other appeals may be taken to the supreme court, but under the record presented it is not here material. It is sufficient to say, however, that appeals under that subsection may not be perfected as a matter of right.

The controlling question presented for decision may be stated:

Is an order granting a new trial "a final decision" which the statute makes appealable as a matter of right? This court has not decided the question since the adoption of the new Code of Civil Procedure, but it will be noted that unless otherwise specifically provided, appeals are limited to final orders involving an amount in excess of $500. (Advisory Committee Notes, § 60-2102.) In *Connell v. State Highway Commission*, 192 Kan. 371, 388 P. 2d 637, it was said:

"It would serve no useful purpose to extend this opinion by discussing the meaning of the words 'final order' or the phrase 'merits of the action or some parts thereof' as used in G. S. 1949, 60-3302 and 60-3303, nor to review the cases which have considered the statutes. These sections were repealed by the adoption of the new code, which will control future appeals, and the decisions which interpreted the old provisions are now obsolete except as they may be applicable to cases, if any, remaining on the appeal docket.

"The policy of the new code leaves no place for intermediate and piece-meal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action.

. . . . . . . . . . . . . . .

"No attempt was made (in K. S. A. 60-2102) to define the word 'final' and confuse the issue. The word is to be given its ordinary meaning. A judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the issues . . ." (l. c. 374.)

It is clear that under the statute, for an order of the district court to be final and appealable it must be such as would result in the final determination of the action. A final order was defined in *Cusintz v. Cusintz*, 195 Kan. 301, 404 P. 2d 164, where it was said:

"A final order from which an appeal will lie is one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or future action of the court. (*Connell v. State Highway Commission*, 192 Kan. 371, 388 P. 2d 637.) An order overruling a motion to dismiss an action is not a final or appealable order. (*Wichita Chamber of Commerce v. State Corporation Commission*, 179 Kan. 386, 295 P. 2d 670; *Johnston v. Kansas Employment Security Board of Review*, 189 Kan. 327, 369 P. 2d 394; *Donaldson v. State Highway Commission*, 189 Kan. 483, 370 P. 2d 83.)" (l. c. 302.)

A review of the text writers on the subject and decisions handed down construing the federal rules of civil procedure support the appellee's contention that an order granting a new trial is not generally an appealable order. (Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1302.1, p. 347, and Vol. 3A, § 1552, p. 60.) In his authoritative work, Kansas Code of Civil Procedure, explaining changes in Kansas law as a result of the adoption of the new

Code of Civil Procedure, and particularly with respect to appeals to the supreme court under 60-2102 (*a*), Judge Gard states:

"This subsection eliminates appeal to the supreme court *as a matter of right* from (1) an order which grants or refuses a new trial. . . ." (p. 765.) (Emphasis supplied.)

In the instant case the district court granted the new trial on one of the grounds specified in the motion. While the order granting the new trial involved a question of law, it decided neither party's rights finally but required only that the evidence be submitted to another jury under instructions which the district court deemed to be a correct statement of the law. Even where it is claimed that an error of law requires a new trial, this court recognizes that a wide discretion is vested in the district court to grant or deny a motion for a new trial. (Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1302.1, 1965 Pocket Part, p. 160.)

The overwhelming majority of federal courts which have considered the question hold that ordinarily an order granting a new trial is not a final judgment from which an appeal may be taken and is not reviewable prior to the second trial since it is an interlocutory order. (*Douglas v. Union Carbide Corporation*, 311 F. 2d 182, Fourth Circuit [1962]; *Milprint, Inc. v. Donaldson Chocolate Company*, 222 F. 2d 898; *Montgomery Ward & Co. v. Duncan*, 311 U. S. 243, 254, 85 L. Ed. 147, 61 S. Ct. 189; *DePinto v. Provident Security Life Insurance Company*, 323 F. 2d 826, Ninth Circuit [1963]; *Elzig v. Gudwangen*, 91 F. 2d 434, 436, Eighth Circuit; *Emanuel v. Kansas City Title & Trust Co.*, 127 F. 2d 175, 176, Eighth Circuit; *Pruitt v. Hardware Dealers Mut. Fire Ins. Co.*, 112 F. 2d 140, 143, Fifth Circuit [1940]; *Dailey v. Timmer*, 292 F. 2d 824, Third Circuit [1961]; *Marshall's U. S. Auto Supply v. Cashman*, 111 F. 2d 140, Tenth Circuit [1940], cert. den. 311 U. S. 667, 85 L. Ed. 428, 61 S. Ct. 26.) The federal cases observe a distinction between appealability and reviewability. On appeal from a final judgment following a second trial it has been held that, if the appellate court agrees, it will reinstate the verdict returned in the first trial. (*Marshall's U. S. Auto Supply v. Cashman*, supra; *Finn v. American Fire & Casualty Co.*, 207 F. 2d 113, Fifth Circuit [1953], cert. den. 347 U. S. 912, 98 L. Ed. 1069, 74 S. Ct. 476; *Pettingill v. Fuller*, 107 F. 2d 933, Second Circuit; Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1302.1, p. 346.)

It would serve no useful purpose to further extend this opinion.

Under the facts and circumstances presented, it is clear the district court's order granting the appellee a new trial did not decide and dispose of the entire merits of the controversy, and is not a final decision in the action from which an appeal will lie as a matter of right pursuant to K. S. A. 60-2102 (*a*). It follows that this court has no jurisdiction of the appeal and it must, therefore, be dismissed.

It is so ordered.