No. 44,856

In the Matter of the Guardianship and Conservatorship of HEN-
RIETTA LOVELESS AUSTIN.    (MAX LOVELESS, *Appellee*, v. HENRI-
ETTA LOVELESS AUSTIN, *Appellant*.)

(435 P. 2d 1)

Opinion
filed December 9, 1967.

*David W. Wheeler,* and *Edwin G. Westerhaus,* both of Marion, argued the
cause, and *D. W. Wheeler,* of Marion, was with them on the briefs for the
appellant.

*Jack S. Ramirez,* of Wichita, argued the cause, and *J. Francis Hesse,* of
Wichita, and *Edward J. Costello,* of Tampa, were with him on the brief for
the appellee.

The opinion of the court was delivered by

HARMAN, C.:  This appeal purports to test the constitutionality
of certain aspects of our new act for obtaining a guardian or con-
servator, or both, for an incapacitated person, (K. S. A. 1965 Supp.,
Chap. 59, Art. 30), which became effective January 1, 1966.

On December 20, 1965, Max Loveless, appellee herein, filed a
petition in the probate court of Marion county for the appointment
of a guardian of the person and estate of his mother, Henrietta
Loveless Austin, appellant herein.  The ground alleged was that,
by reason of advanced age, physical disability and mental problems,
appellant was a distracted and incapacitated person and lacked suf-
ficient understanding or capacity to make and communicate re-
sponsible decisions concerning her person and estate.  It was fur-
ther alleged she possessed property of a value in excess of $100,000
and that someone other than a member of her immediate family
should be appointed her guardian.  Mrs. Austin was at the time
of the filing of the initial petition nearly eighty-one years old and
had three other children besides appellee, one of whom was the
probate judge of Marion county.

Appellant, along with her three other children, filed written de-
fenses to the petition.  The probate judge appointed a member of

the bar of Marion county to act as probate judge *pro tem* in the proceeding. Appellant waived trial by jury and on January 18, 1966, two doctors of medicine were appointed to act as a commission, pursuant to K. S. A. 59-2264 (repealed Laws 1965, Chap. 347, § 35, effective January 1, 1966).

On March 1, 1966, a hearing was held by the probate judge *pro tem*. The commission filed its written report finding appellant was not incapacitated. The probate judge *pro tem* approved the finding and dismissed the proceeding. Appellee promptly appealed to the district court of Marion county.

Thereafter appellant filed her written defenses in district court which, so far as we need notice, were as follows:

"1. That the petition filed herein should be dismissed for the reason that it fails to set out allegations as provided by statutes of Kansas. That this Court has no jurisdiction in this case.

"2. That in the alternative that if the Court fails to dismiss said petition that this proceedings should be conducted as provided by K. S. A. 59-2257 to 59-2270, inclusive and as provided by K. S. A. 59-2408."

On July 21, 1966, by agreement of the parties, the aforesaid defenses were presented to the district court, which made the following order:

"The Court, after hearing argument of counsel, finds that the Court has jurisdiction in this case and that paragraphs One and Two of the written defenses should be overruled.

"The Court further finds and requires Max Loveless, the petitioner herein, to amend the original petition filed herein to conform to K. S. A. 59-3009 and that this matter of appeal shall be tried under the provisions of K. S. A. 1965 Supp., Chapter 59, Article 30."

Appellant appeals from these orders, contending she has a substantive right to have the proceedings upon appeal in district court conducted under the statutes in effect at the time the initial petition was filed in the probate court.

On some undisclosed date after July 21, 1966, appellee filed in the district court an amended petition for the appointment of a guardian and conservator for appellant, listing therein names and addresses of proposed witnesses, but apparently nothing further has taken place in that court pending disposition of this appeal.

At the outset, appellee challenges appellant's right to be heard at this stage of the case, contending the appeal is prematurely brought inasmuch as no final order is involved.

Appellant counters she can maintain the appeal because her

rights under the fifth and fourteenth amendments to the federal constitution are being threatened and will be violated if the district court proceeds in accordance with K. S. A. 1965 Supp., Chapter 59, Article 30. She argues certain mandatory procedures are prescribed which compel her to give evidence against herself and which do not conform with the requirements of due process.

Concededly, the appeal can be entertained, if at all, only by reason of K. S. A. 60-2102 (*a*) (3) which provides:

"(*a*) *As of right.* The appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from: . . . (3) An order . . . involving . . . the constitution of this state, or the constitution, laws or treaties of the United States."

This court construed the foregoing statute in *Cusintz v. Cusintz,* 195 Kan. 301, 404 P. 2d 164, saying:

"An appeal is permitted from 'an order . . . involving . . . the constitution of this state . . .' However, the order must have some semblance of finality. The fact that one of the parties raises a constitutional question does not permit an appeal to this court until the trial court has had an opportunity to make a full investigation and determination of the controversy. An order involving a constitutional question or one where the laws of the United States are involved has always been subject to review regardless of the amount in controversy. [Citations.] Such an order is, however, subject to the rule that an order involving the constitutional question must constitute a final determination of the constitutional controversy. Any other conclusion would constitute a usurpation by this court of the original jurisdiction of the district court to determine actions involving constitutional questions." (p. 302.)

In *Connell v. State Highway Commission,* 192 Kan. 371, 388 P. 2d 637, this court was concerned with the finality of pretrial orders and ruled:

". . . an order made during the course of pretrial proceedings is not appealable until after final judgment, unless it has the effect of disposing of all the issues in the case . . ." (Syl. ¶ 1)

and further stated:

"The policy of the new code [of civil procedure] leaves no place for intermediate and piecemeal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action." (p. 374.)

In the case at bar the pretrial orders complained of clearly lacked the requisite semblance of finality. No final determination affecting appellant's rights has been made. Her constitutional privileges have not been infringed in any way. No hearing on appellee's

petition has been held and no adjudication of incapacity has been made. Nothing has really happened yet except the laying down of certain ground rules for the ultimate trial of the case, which rules may or may not be adhered to by the trial court in deprivation of appellant's constitutional rights.

The appeal is prematurely brought. We have no jurisdiction to entertain it and it is dismissed.

APPROVED BY THE COURT.