No. 47,608

GULF INSURANCE COMPANY, *Appellee*, v. A. V. BOVEE, *Defendant*, H. V. HARRISON, *Appellant-Garnishee*.

(538 P. 2d 724)

Opinion filed July 17, 1975.

*William F. Kluge, III*, of Coombs, Lambdin, Kluge and Garrity, Chartered, of Wichita, argued the cause and was on the brief for appellant-garnishee.

*Edwin P. Carpenter*, of Turner and Hensley, Chartered, of Great Bend, argued the cause, and *Eldon Boisseau* and *Raymond L. Dahlberg*, of the same firm, were on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: The appellant, H. V. Harrison, a Kansas resident, was served on April 2, 1974, with an order of garnishment by Gulf Insurance Company, the appellee. The order was based upon a judgment Gulf had obtained against one A. V. Bovee in Missouri, and which it had registered in Kansas under our Uniform Enforcement of Foreign Judgments Act, K. S. A. 1974 Supp. 60-3001, *et seq*. The day after being served with the order Harrison filed a motion to quash the garnishment. On April 19, 1974, the district court of Sedgwick County overruled the motion to quash, but stayed any further action on the garnishment until the disposition of Bovee's motion for a new trial then pending before the Missouri court. Harrison has attempted to appeal from the district court's order overruling his motion to quash.

In this case, as in all others, this court is obligated to determine whether or not it has jurisdiction even though the issue is not raised by the parties. *Lira v. Billings*, 196 Kan. 726, 414 P. 2d 13; *Sherk, Administratrix v. Sherk*, 181 Kan. 297, 310 P. 2d 899, and cases cited therein. If jurisdiction is lacking the appeal must be dismissed. *Bates & Son Construction Co. v. Berry*, 217 Kan. 322,

537 P. 2d 189; *In re Waterman,* 212 Kan. 826, 512 P. 2d 466; *Sherk, Administratrix v. Sherk,* supra.

Under Article 3, § 3 of the Kansas constitution this court has only "such appellate jurisdiction as may be provided by law." Insofar as it is applicable here that law (K. S. A. 60-2102) provides that an appeal from the district court will lie as of right only from a "final decision" of that court.

No definition of "final decision" is contained in the statute but this court has previously construed it to mean, "one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court." *Bates & Son Construction Co. v. Berry,* supra, p. 324; *Cusintz v. Cusintz,* 195 Kan. 301, 302, 404 P. 2d 164. See also, *Connell v. State Highway Commission,* 192 Kan. 371, 388 P. 2d 637.

The overruling of a motion to quash an order of garnishment is not a final decision of the district court. No issue in this dispute was finally decided by the court's ruling. The effect of the denial of the motion was simply to require the garnishee to answer the order of garnishment and set forth any defenses to the action he might have, and to allow the garnishment action to proceed through the regular prescribed procedure toward final judgment. The issues raised by Harrison in his motion to quash are not lost to him but can still be raised in any later appeal from the district court's final decision of the garnishment action. (K. S. A. 60-2102 [a] [4].)

As stated in *Connell v. State Highway Commission,* supra (p. 374), "The policy of the new code [of civil procedure] leaves no place for intermediate and piecemeal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action." To allow an appeal from an interlocutory order such as is presented in this case would be contrary to the policy of the code and set a precedent for future appeals which would serve only to delay and render more expensive the judicial process.

The appeal is dismissed for lack of jurisdiction.

APPROVED BY THE COURT

FROMME, J., not participating.