(575 P 2d 574)
No. 49,358

In the Matter of The Estate of AUGUST ZIEBELL, Deceased. MARI-LYN CAMPBELL, *Appellee,* v. JAMES K. SMITH, Administrator, *Appellant.*

Opinion filed February 24, 1978.

*Robert C. Johnson,* of Herington, for the appellant.

*David H. Heilman,* of Council Grove, for the appellee.

Before REES, P.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: This is an appeal from an order denying a motion for summary judgment. The appellant is the administrator of an estate wherein appellee filed a claim in the nature of an action to enforce an oral contract between herself and the decedent to convey his real estate to appellee. The motion was decided on the basis of the amended claim filed by appellee, affidavits filed by appellant and depositions of witnesses named by both parties. The trial court denied appellant's motion stating in part that from the facts available

"1. There is a question of material fact as to whether an oral contract existed.

2. There is a question of material fact as to whether there was sufficient performance of the oral contract (if it existed) to require equity to recognize the contract.

3. There is a question as to whether the proof with respect to paragraphs (1) and (2) above is clear and convincing (definite and certain)."

The appellant appeals this decision under the provisions of K.S.A. 60-2101 and K.S.A. 60-2102, the pertinent parts of which are as follows:

"Appellate jurisdiction. (a) Court of appeals. The court of appeals shall have jurisdiction to hear appeals from district courts, except in those cases reviewable by law in the district court and in those cases where a direct appeal to the supreme court is required by law. In any case properly before it, the court of appeals shall have jurisdiction to correct, modify, vacate or reverse any act, order or judgment of a district court to assure that any such act, order or judgment is just, legal and free of abuse. Appeals from the district court to the court of appeals in criminal cases shall be subject to the provisions of K.S.A. 22-3601 and 22-3602, and any amendments thereto, and appeals from the district court to the court of appeals in civil actions shall be subject to the provisions of K.S.A. 60-2102, and any amendments thereto." (K.S.A. 60-2101.)

"Invoking jurisdiction of court of appeals. (a) As of right. Except for any order or final decision of a district magistrate judge, the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

. . . .

"(3) An order that appoints a receiver, or refuses to wind up a receivership or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property, or involving the tax or revenue laws, or the title to real estate, or the constitution of this state, or the constitution, laws or treaties of the United States.

"(4) A final decision in any action, except in an action where a direct appeal to the supreme court is required by law. . . ." (K.S.A. 60-2102.)

The appellant alleges that the trial court erred in its refusal to grant summary judgment when all matters considered show that there remain no material facts or genuine issues to be resolved that have not been shown to be either sham, frivolous or so unsubstantiated as to obviate the necessity of trial.

It is apparent that the appellant and the trial court differ in their opinions regarding the validity and significance of the available evidence. The first question to be decided, however, is whether this court has jurisdiction to consider the appeal. We think not.

The order appealed from is clearly not a "final decision" over which this court has jurisdiction by virtue of K.S.A. 60-2102(a)(4). Interpreting the phrase "final order," the Kansas Supreme Court has said: "A judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the issues." Connell v. Reno Construction Co., 192 Kan. 368, 374, 388 P.2d 830. The order denying the appellant's motion for summary judgment was not determinative of all issues. It determined one issue only: that is, that the trial judge wished to have the evidence more fully developed before he made a decision regarding the principal issues of the existence of an oral contract and the sufficiency of the appellee's performance under the alleged contract.

Neither do we find merit in the appellant's argument that jurisdiction is granted by subsection (3), which authorizes an appeal of an order affecting title to real estate. When the trial court finally determines the issues of the case, it may well involve title to real estate; however, at this point the issues between the litigants involve only matters of contract law.

Even if the order did affect title to real estate, this in itself would not confer jurisdiction upon the Court of Appeals at this juncture. We have found no cases interpreting the meaning of K.S.A. 60-2102(*a*)(3) as it relates to orders involving title to real estate. However, the Supreme Court has considered the meaning of the subsection as it relates to the appeal of an order involving a constitutional question in *In re Austin,* 200 Kan. 92, 435 P.2d 1, and *Cusintz v. Cusintz,* 195 Kan. 301, 404 P.2d 164. In both of those cases, the court held that an order must have "some semblance of finality" to be appealable under subsection (3). We find that reasoning to be controlling, for we find nothing in the statute that indicates that we should differentiate between orders involving constitutional questions and those involving title to real estate. We therefore hold that the appellant's attempt to appeal the denial of summary judgment is an interlocutory appeal, and appellant has failed to comply with the strict requirements of K.S.A. 60-2102(*b*) providing a method by which interlocutory orders may be appealed in certain, limited situations.

The appeal is dismissed.