(592 P.2d 129)
No. 49,597

Irwin C. Smith and Emma L. Smith, *Appellants,* v. Mel Williams, *Appellee,* and Mary Louise Kincaid and Bob Kincaid, *Third Party Defendants.*
Petition for review denied May 10, 1979.

Opinion filed March 23, 1979.

*James L. Bush,* of Windscheffel & Bush, Chartered, of Smith Center, for the appellants.

*William H. Stowell,* of Phillipsburg, for the appellee.

Before Rees, P.J., Parks and Swinehart, JJ.

Parks, J.: This is a boundary line dispute involving title to an approximately 4½-foot strip of land across a city lot in Phillipsburg, Kansas. The trial court granted summary judgment as to the defendant Mel Williams only. Plaintiffs Irwin and Emma Smith appeal.

For clarity, references to spouses and heirs in the chain of title are omitted except when referring to the third party defendants, Mary and Bob Kincaid.

At one time the five adjoining 25-foot wide lots relevant to this appeal were all owned by F. C. Dickey. In lieu of the full legal description, we identify each lot by numerical designation, one through five. Dickey conveyed "Lots 1 and 2 and the South 14 feet of Lot 3" to defendant Mel Williams in February 1945. In December of that same year, he conveyed "Lots 4 and 5 and North 11 feet of Lot 3" to C. J. McWilliams.

In 1946 defendant and McWilliams hired a surveyor to settle the boundary line between their properties. They agreed to recognize the surveyor's indicia of the line—an iron stake and a notch in the sidewalk—as denoting the boundary.

In 1959 McWilliams conveyed his land to his daughter, Mary Kincaid, who along with her husband Bob, agreed to the 1946 boundary established by the surveyor's markings. The plaintiffs purchased the land from the Kincaids in 1967. Both conveyances were by deeds which contained the same legal description as in the deed from Dickey to McWilliams.

Ten years after plaintiffs purchased the land from the Kincaids, the defendant erected a fence which ran along the boundary marked by the stake and the notch. Plaintiffs obtained a surveyor's report which showed that the fence was approximately 4½ feet onto their property. Following receipt of this report, plaintiffs commenced this action to force defendant to remove the fence and to pay damages for his alleged trespass.

Defendant filed with his answer a counterclaim asking (1) that the boundary line be established as alleged in his answer; (2) that title be quieted; and (3) that damages be granted. Plaintiffs then initiated a third party action against their grantors, Mary and Bob Kincaid, demanding judgment for all sums that might be adjudged against the plaintiffs on the counterclaim.

Defendant and the third party defendants each filed a motion for summary judgment.

After the defendant's motion was sustained in reference to the original petition and answer, the trial court entered an order to stay proceedings both on defendant's motion for summary judgment relating to his counterclaim for damages and on the third party defendants' motion for summary judgment.

Although neither party raised the issue, it is the duty of this court to question whether we have jurisdiction to entertain this appeal. *Henderson v. Hassur,* 1 Kan. App. 2d 103, Syl. ¶ 1, 562 P.2d 108 (1977).

The record and oral argument disclose that the requirements for bringing an interlocutory appeal have not been satisfied. K.S.A. 60-254(*b*); K.S.A. 60-2102(*b*). Nor do we have jurisdiction under K.S.A. 60-2102(*a*)(4) because the order from which this appeal emanates is not a final decision. *Gulf Ins. Co. v. Bovee,* 217 Kan. 586, 587, 538 P.2d 724 (1975). However, appellate jurisdiction may be invoked by appeal as a matter of right when, as here, the order of the district court involves title to real estate and has some "semblance of finality." K.S.A. 60-2102(*a*)(3); see *In re Estate of Ziebell,* 2 Kan. App. 2d 99, Syl. ¶ 3, 575 P.2d 574 (1978); *cf. In re Austin,* 200 Kan. 92, 435 P.2d 1 (1967); *Cusintz v. Cusintz,* 195 Kan. 301, 404 P.2d 164 (1965). Therefore, we conclude that this appeal is properly before us and proceed to consider the merits.

It is plaintiffs' contention that in a case such as this where there is no ambiguity on the face of the deeds with reference to the

platted land, parol evidence is inadmissible to establish a boundary different from that recited in the deeds.

The general rule which governs boundary line disputes provides that the line between adjacent properties is to be determined by reference to the deeds and the intention of the parties as reflected by the descriptions in the deeds, and where there is no ambiguity in the descriptions they are to be taken as the conclusive intention of the parties. *Fritzler v. Dumler,* 209 Kan. 16, Syl. ¶ 2, 495 P.2d 1027 (1972). However, as pointed out in *Fritzler,* there are exceptions to this general rule. One such exception is boundary-by-agreement; and where such agreement is alleged, parol evidence is admissible. See *Landrum v. Taylor,* 217 Kan. 113, 535 P.2d 406 (1975).

In a long line of cases the court has recognized the principle that where parties by mutual agreement fix a boundary line between their properties, acquiesce in the line so fixed and thereafter occupy their properties according to the line agreed upon, that line becomes the true boundary between them and will be binding upon the parties and their grantees, even though a subsequent survey may establish a different boundary line. *Moore v. Bayless,* 215 Kan. 297, 300, 524 P.2d 721 (1974) and cases cited therein.

The trial court had before it the affidavits from the individuals who constitute the two links in the chain of title immediately preceding the plaintiffs. McWilliams and the Kincaids each stated that the boundary had been established by mutual agreement in 1946 and had been honored by them during the approximately 21 years the land was in their possession. These statements were substantiated by defendant Williams in his own affidavit. Plaintiffs offered no evidence which controverted the existence of the agreed boundary, but relied solely upon the general rule cited in *Fritzler v. Dumler,* 209 Kan. 16, Syl. ¶ 2. There being no issues of material fact remaining, the trial court properly sustained defendant's motion for summary judgment.

The two remaining points advanced by the plaintiffs are raised for the first time on appeal. Where it does not affirmatively appear that questions raised on appeal were presented for determination by the trial court, this court does not consider them on review. *Landrum v. Taylor,* 217 Kan. 113, Syl. ¶ 5.

Judgment is affirmed.