No. 54,909

UNIFIED SCHOOL DISTRICT NO. 251, *Appellee,* v. THE SECRETARY OF
THE KANSAS DEPARTMENT OF HUMAN RESOURCES, and THE NORTH
LYON COUNTY TEACHERS' ASSOCIATION, *Appellants.*

(661 P.2d 1248)

Opinion filed
April 29, 1983.

*Kay Y. Rute,* staff counsel, argued the cause and *Arnold Berman,* chief counsel, was with her on the brief for appellant The Secretary of Human Resources.

*David M. Schauner,* of Topeka, argued the cause and was on the brief for appellant North Lyon County Teachers' Association.

*Fred W. Rausch, Jr.,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the secretary of the Kansas Department of Human Resources (KDHR) and the North Lyon County Teachers' Association (NLCTA) from an order granting judgment in favor of Unified School District No. 251 in a prohibited practices action initiated pursuant to K.S.A. 72-5430 and K.S.A. 72-5430a.

The NLCTA filed a prohibited practices complaint with the KDHR alleging the refusal of the school board to renew the teaching contracts of two of its members, William G. Tolliver and Holly Myers, was based upon those teachers' activities on behalf of the Association. NLCTA requested the secretary of KDHR to order the school board to reinstate the teachers and to cease and desist from its prohibited practices. U.S.D. No. 251 filed an answer to the complaint and also a motion to dismiss, asserting several grounds including that the complaint filed in behalf of the individual teachers did not allege a prohibited practice and that the KDHR was without authority to grant the relief re-

quested. In ruling upon the motion, Paul K. Dickhoff, Jr., a labor conciliator with the KDHR, determined:

"(1) That the Secretary of Human Resources is granted the authority to rule on any controversy concerning a prohibited practice. (K.S.A. 72-5430a[a].)

(2) That a non-renewal based upon an employee's exercise of his/her right to form, join, or be represented by an employee organization (as alleged by petitioner) does qualify as a prohibited practice. (K.S.A. 72-5430.)

(3) That the Secretary is empowered with authority to grant or deny in whole or in part the relief sought by the petitioner.

(4) That the complaint filed by Mr. Paul R. Harrison [a representative of NLCTA] in the above captioned matter is within the jurisdiction and is properly before the Secretary of Human Resources for resolution."

Upon receipt of Mr. Dickhoff's letter ruling, U.S.D. No. 251 instituted this action in district court as an appeal pursuant to K.S.A. 72-5430a(*b*). That statute provides, in part:

"(b) *The secretary shall make findings of fact upon all the testimony* and shall either dismiss the complaint or determine that a prohibited practice has been or is being committed, *and shall enter a final order* granting or denying in whole or in part the relief sought. Any person aggrieved by a *final order* of the secretary may obtain a review of such order in the district court, in the judicial district where the principal offices of the pertinent board of education are located, by filing in such court a petition praying that the order of the secretary be modified or set aside, with copy of the complaint filed with the secretary, and thereupon the aggrieved party shall file in the court the record in the proceeding certified by the secretary." (Emphasis supplied.)

Appellants responded with a motion to dismiss the petition on the grounds the ruling of the labor conciliator was not a final order and that the school district had not exhausted its administrative remedies. It is the contention of the school district that rulings (2) and (3) of the labor conciliator are final orders or in the alternative, the trial court, and this court on appeal, should treat the action as one for a declaratory judgment.

The trial court overruled the motion to dismiss and entered judgment for the school district making numerous findings favorable to the school district. The secretary of the KDHR and the NLCTA have appealed all of the findings and orders of the trial court. At the outset it must be determined whether the trial court and this court acquired jurisdiction. If the KDHR rulings were final orders and the school board exhausted its administrative remedies, the rulings were appealable but otherwise they were not. The statute K.S.A. 72-5430a provides that in a prohibited practices proceeding the secretary of KDHR shall conduct a hearing, make findings of fact after hearing all the testimony,

enter a final order granting or denying relief and then any aggrieved party shall have a right to seek judicial review of the order by a trial de novo in district court.

Thus, it is clear the order must be a final order before it is subject to review in district court. In *Cusintz v. Cusintz,* 195 Kan. 301, 404 P.2d 164 (1965), the court described a final order as follows:

"A final order from which an appeal will lie is one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court. (*Connell v. State Highway Commission,* 192 Kan. 371, 388 P.2d 637.) An order overruling a motion to dismiss an action is not a final or appealable order." p. 302.

In *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. 902, 528 P.2d 1232 (1974), this court had before it the question of whether a party to an administrative proceeding must exhaust the administrative remedies before seeking relief in district court. In *Jarvis,* Joyce Haskins filed a complaint with the Kansas Commission on Civil Rights alleging that she had been wrongfully evicted by her landlord, Jarvis. When the parties could not reach agreement in a conciliation conference, the complaint was set for a hearing by the Commission. Jarvis then brought suit in district court seeking an injunction and declaratory judgment. The district court granted relief to Jarvis and the Commission appealed. This court stated:

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. A primary purpose of the doctrine is the avoidance of premature interruption of the administrative process. It is normally desirable to let the administrative agency develop the necessary factual background upon which its decisions are based. Since agency decisions are frequently of a discretionary nature, or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. It is more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages. The very same reasons lie behind judicial rules sharply limiting interlocutory appeals. Frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures. [Citations omitted.]

. . . .

"In its action in the district court, respondent has attempted to employ the provisions of the declaratory judgment statute. (K.S.A. 60-1701.) Even if an actual controversy existed between the parties, we cannot permit the use of a declaratory judgment in this situation. The courts should not interfere with administrative proceedings and assume jurisdiction of declaratory judgment proceedings

until administrative remedies have been exhausted. (22 Am. Jur. 2d, Declaratory Judgments § 31, p. 881.)" pp. 904-906.

In the case now before the court, it is clear that the order of the labor conciliator was not a final order. It did not dispose of the merits of the complaint and was, in fact, entered prior to any hearing or testimony. The attempted action in district court was premature for the reasons it was not an appeal from a final order of the KDHR and U.S.D. No. 251 had not exhausted its administrative remedies.

The judgment of the district court is reversed and the case remanded with directions to sustain the defendants' motions to dismiss.