(748 P 2d 905)

No. 60,334

VALLEY STATE BANK, *Plaintiff*, v. JULIAN L. GEIGER and MARILYN KAY GEIGER, *Defendants/Appellants*, and FEDERAL LAND BANK OF WICHITA, *Defendant/Appellee*.

Opinion filed January 21, 1988.

*Martin Asher*, of O'Keefe, Ball, Lacey & Asher, of Atchison, for appellants.

*Phillip A. Burdick*, of Gernon, Collins & Burdick, of Hiawatha, for appellee.

Before DAVIS, P.J., BRAZIL, J. and MICHAEL J. MALONE, District Judge, assigned.

BRAZIL, J.: In a mortgage foreclosure action, the debtor appeals the trial court's order of sale directing the sale of the property in parcels different from those requested by the debtor. For the reasons stated below, we hold that we lack jurisdiction to reach that issue because an order of sale is not an order which may be appealed under K.S.A. 1987 Supp. 60-2102(a)(3).

K.S.A. 1987 Supp. 60-2102(a) provides in part:

"[T]he appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

. . . .

"(3) . . . an order involving . . . the title to real estate, the constitution of this state or the constitution, laws or treaties of the United States."

An order directing a judicial sale of real property involves "the title to real estate."

However, in *Cusintz v. Cusintz*, 195 Kan. 301, 302, 404 P.2d 164 (1965), the Supreme Court considered when an order involving the constitution is appealable under 60-2102(a). The court said:

"[T]he order must have some semblance of finality. The fact that one of the parties raises a constitutional question does not permit an appeal to this court until the trial court has had an opportunity to make a full investigation and determination of the controversy. . . . Such an order is . . . subject to the rule

that [it] must constitute a final determination of the constitutional controversy." 195 Kan. at 302.

The Court of Appeals applied this rationale as an alternative reason for dismissing an appeal from an order denying a motion for summary judgment which might have involved title to real estate in *In re Estate of Ziebell*, 2 Kan. App. 2d 99, 101, 575 P.2d 574 (1978). Although the present case has progressed far beyond a motion for summary judgment, the questions raised in the appeal concern only the post-judgment order of sale. The question, then, is whether such an order has "some semblance of finality" so that it is appealable.

Following the order of sale and sale by the sheriff, K.S.A. 60-2415 provides in part:

"(a) The sheriff shall at once make a return of all sales . . . to the court. If the court finds the proceedings regular and in conformity with law and equity, it shall confirm the same, direct the clerk to make such entry upon the journal and order the sheriff to make to the purchaser the certificate of sale or deed provided for in this article.

"(b) The court may decline to confirm the sale where the bid is substantially inadequate . . . ."

Thus, the statutes clearly provide for further action by the district court after the order of sale is issued, and the order has no semblance of being a final determination of the title to the real estate. See, *e.g., National Reserve Life Ins. Co. v. Kemp*, 184 Kan. 648, 652-54, 339 P.2d 368 (1959) (alleged defect in journal entry of judgment was corrected by order confirming sale).

Dismissed.