NOT DESIGNATED FOR PUBLICATION

No. 116,210

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Equalization Appeal of
KANSAS STAR CASINO, L.L.C.,
for the Year 2014 in Sumner County, Kansas.

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed December 8, 2017. Affirmed.

*David R. Cooper* and *Andrew D. Holder*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellant.

*Frank W. Basgall*, *Jarrod C. Kieffer*, and *Lynn D. Preheim*, of Stinson Leonard Street LLP, of Wichita, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

BUSER, J.: Sumner County (the County) appeals the district court's dismissal of its appeal of a Kansas Board of Tax Appeals (BOTA) summary decision relating to the classification and valuation of Kansas Star Casino (Star Casino) property for the 2014 tax year. The County appealed BOTA's summary decision to the Sumner County District Court. Shortly thereafter, Star Casino filed a request with BOTA for a full and complete opinion of the summary decision and also sought dismissal of the County's appeal for lack of jurisdiction. The district court dismissed the appeal, ruling that because BOTA's summary decision was a nonfinal agency action, it did not have jurisdiction to consider it.

1

As discussed below, we conclude that BOTA's summary decision was not a final order. Accordingly, we affirm the district court's dismissal of the County's appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2015, BOTA conducted a hearing in the matter of the equalization appeal of Star Casino for the 2014 tax year. The property in question was a casino and arena events center located on about 200 acres of land in Mulvane. The County classified the entire parcel as commercial and industrial real estate with an appraised value of $153,500,000. Star Casino countered that 63.5 acres of its property was for agricultural use and the remaining real estate had a value of $75,450,000. After considering the evidence, BOTA determined the entire property was appropriately classified for commercial and industrial use with an appraised value of $97,600,000.

BOTA's summary decision was filed on February 16, 2016. Eight days later, on February 24, 2016, the County filed a "Petition for De Novo Appeal of Final Order of the Board of Tax Appeals" in the district court. Six days later, on February 29, 2016, Star Casino filed a request with the agency for a full and complete opinion. On March 11, 2016, Star Casino filed a motion with the district court to dismiss the County's petition for de novo appeal.

The district court dismissed the county's petition on May 31, 2016, holding:

> "By law, BOTA's summary opinion in this case is an intermediate ruling to be followed by a subsequent full and complete ruling. It is not, therefore, a 'final order,' but rather a 'non-final order.' *See* K.S.A. 77-607. Accordingly, Sumner County's Petition for De Novo Appeal of Final Order of the Board of Tax Appeals is premature, and the Court does not have jurisdiction to retain the appeal."

2

The County filed this appeal.

JURISDICTION

On appeal, the County first contends that BOTA's summary decision constituted a final order and, therefore, the district court had jurisdiction to hear its appeal. Star Casino counters that BOTA's summary decision was a nonfinal agency action or preliminary ruling subject to further action by the agency, hence the district court was correct in concluding that it did not have jurisdiction to consider the matter.

The question presented on appeal is whether the district court was correct when it ruled that BOTA's summary decision was *not* a final order and, as a result, the district court did not have jurisdiction to consider the County's appeal.

We begin our analysis with a summary of the applicable standards of review and law pertaining to this issue. Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *Graham v. Herring*, 297 Kan. 847, 855, 305 P.3d 585 (2013). Because statutory interpretation or construction is required to resolve this matter, our court may conduct a de novo review. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015).

Our most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). We first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, we should not speculate about the legislative intent behind that clear language, and we should refrain from reading something into the statute that is not readily found in its words. 304 Kan. at 409.

3

There are two statutes relevant to the analysis of the question presented. The first statute is K.S.A. 2014 Supp. 74-2426. That statute is part of Kansas law and procedure relating to BOTA and matters of taxation. It provides in relevant part:

"(a) . . . *Any aggrieved party*, within 14 days of receiving the board's decision, *may request a full and complete opinion* be issued by the board in which the board explains its decision. This full opinion shall be served by the board within 90 days of being requested. . . .

"(b) *Final orders of the board shall be subject to review* pursuant to subsection (c) except that *the aggrieved party may first file a petition for reconsideration* of that order with the board in accordance with the provisions of K.S.A. 77-529, and amendments thereto.

"(c) Any action of the board pursuant to this section is *subject to review in accordance with the Kansas judicial review act*, . . .

. . . .

"(4)(A) *Any aggrieved person has the right to appeal any final order of the board* . . . by filing a petition with the court of appeals or the district court. Any appeal to the district court shall be reviewed de novo." (Emphases added.) K.S.A. 2014 Supp. 74-2426.

The second statute important to our analysis is K.S.A. 77-607. As referenced in K.S.A. 2014 Supp. 74-2426(c), the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., sets out the review procedures for BOTA actions. Of particular importance to this appeal, K.S.A. 77-607(b) provides:

"(1) 'Final agency action' means the whole or a part of any agency action other than nonfinal agency action:

"(2) 'Nonfinal agency action' means the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency."

4

Of note, our court has equated the term "final order" as used in K.S.A. 74-2426 with the term "final agency action" as used in the KJRA. See *Norris v. Kansas Employment Security Bd. of Review*, 50 Kan. App. 2d 69, 76-77, 321 P.3d 28 (2014).

In dismissing the County's appeal for lack of jurisdiction, the district court premised its ruling on its understanding of the interplay between K.S.A. 2014 Supp. 74-2426 and K.S.A. 77-607. It found:

> "With respect to the appeal system created by K.S.A. [2014 Supp.] 74-2426, BOTA's summary decision is a 'final agency action' or 'final order' only if neither party requests a full and complete opinion be issued, as in that case BOTA is required to take no further action. See K.S.A. 74-2426(a); K.S.A. 77-607. If, on the other hand, either party does request a full and complete opinion, BOTA's initial summary opinion is a 'nonfinal agency action,' as the summary opinion in such circumstances is only a preliminary ruling, subject to further action by the board. See K.S.A. 74-2426; K.S.A. 77-607(b)(2)."

On appeal, the County argues that—contrary to the district court's finding—the summary decision of BOTA was a final order because the County filed for de novo review with the district court. It asserts that, for a de novo review, "the full and complete basis for BOTA's decision is irrelevant; only the evidentiary record . . . matters." Moreover, because "nothing in . . . the text . . . of K.S.A. 2014 Supp. 74-2426(a) suggests BOTA is required or even statutorily permitted to alter or amend the valuation conclusion entered in its [s]ummary [d]ecision," the County concludes that, when a party has requested de novo review, such a decision is final regardless of whether any party requests a full and complete opinion.

Star Casino replies that the County's argument runs contrary to an order of dismissal issued by the motions panel of our court in a prior 2013 tax assessment case between these same parties. In *In re Equalization Appeal of Kansas Star Casino*, case No.

5

113,435, Star Casino appealed the summary decision of BOTA to the district court. The County then requested a full and complete opinion from BOTA and filed a motion to dismiss Star Casino's appeal in our court, arguing that BOTA's summary decision was not a final order. The motions panel of our court agreed with the County and Judge Kim Schroeder dismissed Star Casino's appeal, stating: "[I]t appears clear that if a full and complete opinion has been requested, by either party, then BOTA's summary decision is a nonfinal agency order." *In re Equalization Appeal of Kansas Star Casino*, Order of Dismissal.

Star Casino also contests the County's argument that a full and complete BOTA opinion is irrelevant for the purposes of de novo review. It points out that, during a de novo review, "the [d]istrict [c]ourt reviews the record from the trial to BOTA and without deference to BOTA's ultimate decision, renders its own opinion." Thus, "[b]ecause the case is not tried again, the district court necessarily relies upon BOTA's interpretation of facts, including credibility of witnesses, in its review." Star Casino emphasizes that these findings and interpretations are contained within BOTA's full and complete opinion but not its summary decision.

Did BOTA's summary decision constitute a final order under K.S.A. 2014 Supp. 74-2426(c)(4)(A), and a final agency action for purposes of K.S.A. 77-607(1) in order to establish jurisdiction for the district court to entertain the County's appeal?

In *Guss v. Fort Hays State Univ.*, 38 Kan. App. 2d 912, 916, 173 P.3d 1159 (2008), a panel of our court noted: "While the KJRA does not define a final order, an agency's order is a particular type of agency 'action.' [Citation omitted.]" The panel went on to state: "No special incantations or magic words are required to create a final agency order. Kansas courts have consistently recognized that a relatively informal letter may constitute a final order for purposes of the statute." 38 Kan. App. 2d at 916. Ultimately, the panel concluded:

"An order cannot be final if the matter is still under 'active consideration' by the tribunal. . . . The fact that there remained to be done the ministerial tasks of doing the mathematical calculation and issuing a check does not establish that the matter was still under active consideration." 38 Kan. App. 2d at 917.

In *Cimarex Energy Co. v. Board of Seward County Comm'rs*, 38 Kan. App. 2d 298, 164 P.3d 833 (2007), this court defined a "final order" as "'one which terminates litigation on the merits and leaves nothing to be done except to enforce the result.'" 38 Kan. App. 2d at 303 (quoting *Kansas Pipeline Partnership v. Kansas Corporation Comm'n*, 22 Kan. App. 2d 410, Syl. ¶ 9, 916 P.2d 76 [1996]). The panel concluded that a BOTA discovery order "was not a final order on the merits of [an] equalization proceeding." 38 Kan. App. 2d at 303.

Finally, in *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 610, 244 P.3d 642 (2010), our Supreme Court stated: "The term 'final decision' has been construed to mean 'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.'" 291 Kan. at 610 (quoting *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 587, 538 P.2d 724 [1975]).

Based on the plain language of K.S.A. 2014 Supp. 74-2426 and K.S.A. 77-607, our Supreme Court's guidance in *Svaty*, and considering our motions panel ruling on this identical issue relating to the County's assessment of Star Casino's property in 2013, we hold the district court did not err in dismissing the County's 2014 equalization appeal.

K.S.A. 2014 Supp. 74-2426(a) plainly provides that an aggrieved party "may request a full and complete opinion be issued by the board in which the board explains its decision." Moreover, subsection (b) also provides that an aggrieved party may file a petition for reconsideration by BOTA prior to filing an appeal under subsection (c).

7

These two subsections manifestly state that after the filing of a summary decision, BOTA may be tasked by an aggrieved party to elaborate on and clarify the findings of that decision, or to reexamine and reconsider its decision. In sum, the legislature empowered BOTA with additional statutory responsibilities requiring agency action after the filing of the summary decision. In this context, we are persuaded that BOTA's summary decision in this case was a nonfinal agency action as defined in K.S.A. 77-607(2). Given Star Casino's timely request for a full and complete opinion by BOTA, there was a need for further action by the agency rendering the summary decision a nonfinal agency action under K.S.A. 77-607(2) and a nonfinal order, not appealable under K.S.A. 2014 Supp. 74-2426(a). Accordingly, the district court correctly ruled that it did not have jurisdiction to consider the County's appeal.

JURISDICTIONAL IMPLICATIONS OF 2016 AMENDMENTS
TO K.S.A. 2014 SUPP. 74-2426

As just discussed, in making its jurisdictional ruling the district court, in relevant part, construed the language of K.S.A. 2014 Supp. 74-2426. The district court's journal entry dismissing the appeal was filed on May 31, 2016. About one month later, however, on July 1, 2016, amendments to K.S.A. 2014 Supp. 74-2426 became effective. See L. 2016, ch. 112 sec. 3. As its second issue on appeal, the County asks us to address the implications of the 2016 amendments on the County's right to appeal. As the County frames this issue:

"Prior to July 1, 2016, K.S.A. 2014 Supp. 74-2426(c)(4)(A) read: 'Any aggrieved person has the right to appeal any final order of the board issued after June 30, 2014, by filing a petition with the . . . district court.' Effective July 1, 2016, K.S.A. 2016 Supp. 74-2426 was revised to read: 'At the election of the taxpayer, any summary decision or full and complete opinion of the board of tax appeals issued after June 30, 2014, may be appealed by filing a petition for review in the district court.' K.S.A. 2016 Supp. 74-2426(c)(4)(B). Thus, roughly four months after Sumner County filed its petition for de novo review, the Legislature revoked its right to do so. Accordingly, *if this Court finds*

8

*that BOTA's summary decision is a 'final order,'* it must decide whether the 2016 revisions to K.S.A. 74-2426 revoked the Sumner County District Court's jurisdiction over this appeal." (Emphasis added.)

Star Casino responds:

"While any aggrieved party—including Sumner County—used to be able to appeal to either the District Court or the Court of Appeals, now, only a taxpayer may appeal to the District Court. K.S.A. 74-2426(c)(4)(A). This change took effect on July 1, 2016, shortly after Sumner County filed its appeal in the District Court. This new procedure applies to all BOTA orders after June 30, 2014. Because Sumner County can no longer appeal to the District Court, this appeal is moot. Even if the Court finds the summary decision was a final order, the District Court does not have jurisdiction."

We agree with the parties' understanding that the current version of K.S.A. 2016 Supp. 74-2426(c)(4) permits only the taxpayer to appeal to the district court. As candidly acknowledged by the County in its briefing, this second issue was raised in anticipation of our finding that the County's appeal in the district court was improvidently dismissed. Had that been our holding, we would have had to address the implications of the 2016 amendments on this case. Given our holding that the district court did not err in dismissing the County's appeal because the summary decision was not an appealable final order, however, this second issue is moot. See *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (quoting *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 [2012]) (As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions.).

Affirmed.