**LEROY MARTIN, Plaintiff**

**v.**

**EDWIN POTTER, DIRECTOR, BUREAU OF CORREC-
TIONS, UNITED STATES VIRGIN ISLANDS,
et al., Defendants**

Civil No. 1984/217

District Court of the Virgin Islands

Div. of St. Croix

May 21, 1986

LEROY MARTIN, Lewisburg, PA, *plaintiff, pro se*

JOYCE G. O'REILLY, ESQ., Assistant Attorney General (Attorney General's Office), St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Does a prisoner-plaintiff, who initiates a pro se civil rights suit unrelated to this criminal conviction, have the right to be present at the civil proceeding? Since we find he does not, we will deny the plaintiff's request to be present at his trial and instead will appoint counsel to appear for him.

## I. FACTS

Later it will become apparent that defendant Leroy Martin's criminal conviction is a relevant factor in our consideration concerning his motion to appear at trial. We therefore begin by briefly reviewing the circumstances which led to this conviction.

On September 14, 1983, an information was filed against Leroy Martin ("Martin"), charging him with first degree murder. Evidence gleaned from affidavits accompanying the information indicate that Martin, after robbing his victim at gunpoint, forced the victim to kneel on the ground and shot him twice in the back of the head.

On December 14, 1983, Martin, after pleading guilty to second degree murder, was committed to the custody of the Bureau of Corrections for imprisonment for sixty years. Martin's motion for reduction of sentence was denied on April 17, 1984. Chief Judge Almeric L. Christian was the sentencing Judge.

On July 25, 1984, Martin filed the present action alleging violations of his civil rights. Specifically, Martin claims he was denied follow-up medical care by the Virgin Islands Bureau of Corrections. Evidently Martin was shot by police when he was arrested for the murder charges. Martin claims his treating physician prescribed physical therapy to restore full use of his damaged limbs and to facilitate the healing process. Martin alleges these appointments were not kept.

On November 7, 1985, Martin filed a motion seeking leave to appear in person in his upcoming case. In this motion Martin stated he should be allowed to testify as to the facts of his allegations set forth in his complaint. On January 16, 1986, we filed an order in which we reserved our ruling concerning this issue. We now decide that Martin will not be allowed to appear at his trial.

## II. DISCUSSION

■ Initially we note that lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights. Bell v. Wolfish, 441 U.S. 520, 546 (1979); Wolff v. McDonnell, 418 U.S. 539, 555 (1974); Wilson v. Schillinger, 761 F.2d 921, 925 (3d Cir. 1985). Barnes v. Government of the Virgin Islands, 415 F. Supp. 1218, 1224 (D.V.I. 1976).

■ The privilege at issue before us, whether a prisoner has a right to be present at a pro se civil rights action, is not protected by the constitution. Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976).

■■ Generally speaking, prisoners who bring civil actions, including prisoners who bring actions for civil rights violations, have no right to be personally present at any stage of the judicial proceedings. Holt v. Pitts, 619 F.2d 558, 560-61 (6th Cir. 1980); Stone, 546 F.2d at 735. It is within the discretion of the Court to determine whether prison inmates shall attend civil proceedings, unrelated to their conviction, held in connection with an action initiated by the inmate. Stone, 546 F.2d at 735.

■ Even though a prisoner-plaintiff has no constitutional right to be present at a civil action, he or she cannot be prevented from prosecuting a prison-connected civil rights claim. Stone, 546 F.2d at 735. In analyzing this issue, we will first examine what circumstances allow us to prevent a prisoner-plaintiff from appearing at trial. We will then examine what alternatives are available to protect the rights of prisoner-plaintiffs who are not allowed to appear at trial.

A. *Balance Test*

■ In Stone, the Seventh Circuit adopted the balancing test found in the Supreme Court opinion Price v. Johnson, 334 U.S. 266 (1948) (circuit courts have discretion to grant or deny prisoner's request to personally argue his appeal) to determine when a prisoner-plaintiff should be allowed to appear at a civil trial. The Supreme Court stated:

> the power of a circuit court of appeals to issue such a writ [of habeas corpus ad testificandum] is discretionary. And this discretion is to be exercised with the best interest of both the prisoner and the government in mind. If it is apparent that the request of the prisoner to argue personally reflects something more than a mere desire to be freed temporarily from the confines of the prison, that he is capable of conducting an intelligent and responsible argument, and that his presence in the courtroom may be secured without undue inconvenience or danger, the court would be justified in issuing the writ. But if any of those factors were found to be negative, the court might well decline to order the prisoner to be produced.

Price, 334 U.S. at 284-85.

In Stone the Seventh Circuit, citing the above criteria, stated these same factors should be considered by a trial court to determine whether a prisoner-plaintiff will be permitted to attend the trial of his civil rights claim. Stone, 546 F.2d at 735. In making this determination a district court should take into account the:

> cost and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the

302

probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

Stone, 546 F.2d at 735-36. Applying these factors to the present case indicates Martin should not be brought to the Virgin Islands.

Initially we note that certain factors do not apply to the situation before us. Since the physical damage has already occurred, there is no need for an early determination of the matter. There is also no possibility of delaying the trial until the prisoner is released because Martin has not served the majority of his sixty year sentence. As far as the correctional system is concerned, we are uncertain how a decision either way would affect its integrity and therefore discount this factor.

Other factors weigh in favor of Martin's request. No one can dispute the substantiality of the matter at issue. All prisoners have a constitutional right to adequate medical treatment and, as in this case, if a question should arise as to the sufficiency of that treatment a court has a constitutional obligation to address the matter. We note from our reading of Martin's file that it is apparent he has a good probability of success on the merits.

Balanced against these factors in favor of Martin's return are overwhelming factors which favor denying his request. First, we see no need for Martin to present his testimony in person rather than by deposition. Both liability and damage testimony could easily be presented by trial deposition.

Second, it is obvious that the Government would incur large costs and inconvenience by returning Martin to St. Croix because at least two guards must fly to Lewisburg to accompany him back to the Virgin Islands. We find that the costs incurred in transporting Martin to the Virgin Islands would be entirely disproportionate to the prospective benefits from his live testimony. See also Holt, 619 F.2d at 561.

Finally, if Martin was returned to the Virgin Islands he would pose a grave security risk during transit. Martin has served a few years of a rather lengthy sentence; incentive for escape is large, incentive for cooperating small.

B. *Appointed Counsel*

Alternatives which should be considered prior to issuing a writ of habeas corpus ad testificandum are a bench trial in the prison, if the plaintiff has waived a jury trial, trial by depositions,

postponement of trial until after incarceration or appointment of counsel to prosecute the action for the prisoner-plaintiff. *Heidelberg v. Hammer,* 577 F.2d 429, 431 (7th Cir. 1978); see also, *Holt,* 619 F.2d at 562.

To date Martin has never waived his demand for a jury and, as stated before, Martin has not served the bulk of his sentence, making postponement of trial inappropriate. We will therefore adopt the remaining two alternatives. We will appoint Thomas Alkon, Esq., to represent Martin in his upcoming case and will allow him to submit any and all depositions needed to fairly present this action to the Court. We note that Allison P. Thompson, the Director of the Legal Services of the Virgin Islands, has graciously offered to help fund the expenses for this litigation.

## III. CONCLUSION

In summary Martin will not be allowed to appear at trial. Rather, private counsel will prosecute this action and try this case via Martin's deposition testimony and any other evidence counsel deems appropriate.

## ORDER

THIS MATTER is before the Court on motion of the pro se prisoner-plaintiff, Leroy Martin, seeking leave to appear at trial. The Court having entered its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT Martin's request to appear at trial be, and the same, is hereby DENIED, and further

THAT Thomas Alkon, Esq., is hereby appointed to represent Martin at his trial, and further

THAT the costs of this litigation, as well as Attorney Alkon's fees, will be subtracted from any eventual recovery and returned to Legal Services and Attorney Alkon.

## ORDER

It is hereby ordered that trial in the above-captioned matter be, and the same is CONTINUED.