(738 P.2d 883)
No. 59,843

IN THE MATTER of S.M. and A.D.M.

Opinion filed June 25, 1987.

*Kim R. Schroeder* and *Paul A. Wolf*, of Brollier, Wolf & Schroeder, of Hugoton, for appellant.

*James A. Kuharic*, of Hugoton, for appellee.

Before DAVIS, P.J., MEYER, J., and JAMES J. NOONE, District Judge Retired, assigned.

MEYER, J.: Appellant B.L.M., natural father of S.M. and A.M., appeals the district court's severance of his parental rights.

Appellant contends that he was denied his constitutional right to confront witnesses against him and to be present at the hearing because of the magistrate's refusal to grant a continuance until such time appellant, an inmate of the Kansas State Penitentiary, would be available to attend. We agree that appellant was denied due process of law.

To properly address the constitutional issue, we pause to relate the events up to the severance hearing. At the time of the hearing, the appellant was incarcerated in the Kansas State Penitentiary, serving a three-to-ten-year sentence after pleading guilty to one count of indecent liberties with a child. The victim of this crime was appellant's stepdaughter, P.P. Some time before the severance hearing, appellant's counsel filed a motion with the court asking that appellant be released from prison so that he could attend the severance hearings. On grounds not before us in the record, the district court denied the appellant's motion.

Thereafter, at the severance hearing before the magistrate judge, appellant's counsel moved for a continuance after the State finished the presentation of its evidence and after appel-

lant's counsel had already examined three witnesses in appellant's case in chief. Finally, upon appeal to the district court, the appellant made a third motion to be released from prison so that he could be present in the proceedings in that court. This motion, like the two previous ones, was denied.

In *In re Cooper*, 230 Kan. 57, 631 P.2d 632 (1981), the court set forth certain fundamental maxims regarding the relationship of parent and child and proceedings to terminate this relationship:

"The parents' rights of custody and control of their children are liberty interests protected by the Fourteenth Amendment Due Process Clause." Syl. ¶ 1.

"A determination of the safeguards necessary to afford constitutional due process must be evaluated in the light of the nature of the proceeding and of the interests affected." Syl. ¶ 2.

"The extent to which procedural due process must be afforded a person is influenced by the extent to which the person affected may be 'condemned to suffer grievous loss' and depends upon whether the person's interest in avoiding that loss outweighs the governmental interest in summary adjudication." Syl. ¶ 3.

In the instant case, it is clear that the potential loss that appellant would be condemned to suffer is one of constitutional dimension; that is, the permanent termination of his parental rights. Considering the gravity of the nature of this proceeding, we hold that it far outweighs the State's interest in summary adjudication. *In re Cooper*, 230 Kan. at 68-69; *In re Brehm*, 3 Kan. App. 2d 325, 327, 594 P.2d 269 (1979).

The essential elements of due process of law are notice and *an opportunity* to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Crane v. Mitchell County U.S.D. No. 273*, 232 Kan. 51, 56, 652 P.2d 205 (1982); *Dedeke v. Rural Water Dist. No. 5*, 229 Kan. 242, 249, 623 P.2d 1324 (1981); *Beebe v. Chavez*, 226 Kan. 591, 599, 602 P.2d 1279 (1979). The Kansas Legislature has recognized the importance of these basic tenets of our law in the context of cases involving the severance of parental rights. K.S.A. 38-1552, dealing with the question of who may attend hearings in such cases, provides:

"The court may exclude from any hearing all persons *except* the guardian *ad litem*, interested parties and their attorneys, officers of the court and the witness testifying." (Emphasis added.)

If a parent appears at the hearing in which his or her parental

rights may be severed, the court may not exclude that person from the courtroom. Even if a person fails to appear at such a hearing after proper notice is given, the court *must* appoint an attorney to represent the absent parent. K.S.A. 38-1582(d). The Kansas Code for Care of Children is silent, however, with respect to the situation presented here, where the parent, a prison inmate, desires to attend a hearing but is denied this opportunity.

In *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1027, 686 P.2d 171, *cert. denied* 469 U.S. 1088 (1984), the supreme court concluded that the common-law rule that a prisoner lacked the legal capacity to sue or be sued has been abrogated by what is now K.S.A. 1986 Supp. 21-4615, and, under the present law, a prisoner may sue or be sued in a civil action in Kansas. The court thereafter expounded on this right:

"The constitutional guarantee of providing for open courts and insuring a civil remedy for injuries to persons and property is a statement of our philosophy and a general rule which can be used to solve civil conflicts. This right is generally regarded as one of the most sacred and essential constitutional guarantees. . . . In light of this guarantee, it is the policy and the obligation of the state to furnish and of the courts to give every litigant his day in court and a full and ample opportunity to be heard. . . . Since a prisoner can sue or be sued in this state he must be afforded the right to his day in court." *State ex rel. Stephan v. O'Keefe*, 235 Kan. at 1027.

Although the appellant was represented by counsel at the severance hearing, appellant was denied the opportunity to be heard; he could not present any of his testimony in defense of the allegations of unfitness. The appellant was neither given a "day in court" nor a "full and ample opportunity to be heard." Furthermore, a recognized benefit of an interested party's presence in court is his ability to assist his counsel. This too, arguably, inured to appellant's disadvantage.

The right to custody of one's children being of constitutional gravity, a parent must be afforded the opportunity to be present at a severance hearing. Because appellant was denied this opportunity, he was denied one of the "essential elements" of fundamental due process. *In re Reed*, 8 Kan. App. 2d 602, 608, 663 P.2d 675 (1983). For this reason, the case must be reversed and remanded.

Assuming a new trial will take place in this action, we consider

it provident to address another issue raised by appellant so as to avoid a second appeal on the issue. Specifically, appellant contends the trial court abused its discretion in allowing Frances Williams, an employee of the Department of Social and Rehabilitation Services who helped prepare the State's case, to sit at the State's counsel table during the severance hearing. The argument is without merit.

Both sides agree that Ms. Williams was present in the courtroom to help prepare and present the State's case to the court. K.S.A. 38-1552, intended to preserve the confidentiality of severance hearings, grants the trial court discretion as to who may be present during a particular hearing. Considering Ms. Williams' close involvement with the State's case, as indicated by her testimony at trial, we conclude that the trial court did not abuse its discretion in not excluding her from the hearing.

Having concluded that the case must be reversed for constitutional reasons, we deem it unnecessary to address the insufficiency of evidence issue. The trial court's order severing the appellant's rights is reversed and the case is remanded for appropriate action.

Reversed and remanded.