14 Kan. App. 2d 487 (1990)
794 P.2d 319
In the Interest of J.L.D., a minor child.
No. 64,264
Court of Appeals of Kansas.
Opinion filed June 22, 1990.
Petition for review denied August 28, 1990.
Kym E. Myers, of Emporia, for appellant the natural father.
Joe E. Lee, assistant county attorney, for appellee.
Jeffry J. Larson, of Emporia, guardian ad litem.
Kristin H. Hutchison, of Emporia, for intervenor foster parents.
Before ABBOTT, C.J., LEWIS, J., and DAVID PRAGER, Chief Justice Retired, assigned.
Petition for review denied 247 Kan. ___ (August 28, 1990).
PRAGER, J.:
J.J.C. (appellant), the natural father of J.L.D., appeals the district court's termination of his parental rights pursuant to K.S.A. 38-1583, contending his due process rights were violated because he was not afforded the opportunity to be present at the termination hearing. We affirm.
The facts in the case are important and essentially undisputed. J.J.C. and B.D. are the natural parents of J.L.D. The record *488 does not reflect whether the parents were ever legally married. Appellant was in Florida when his son was born on July 11, 1987. He returned to Kansas but was arrested in August 1987 and returned to Florida to face criminal charges. He had had contact with his son while in Kansas.
Appellant was convicted in Florida of second-degree murder and robbery involving a firearm. He was sentenced to 42 years' imprisonment and remains incarcerated in Florida. There was a dispute as to his eligibility for release. An SRS social worker's affidavit advised the court appellant's earliest release date would be in the year 2015.
The child and his mother apparently lived in Emporia, Kansas. Because of child abuse the district court issued an order placing the child in the protective custody of the Department of Social and Rehabilitation Services (SRS). On the same date, a petition was filed alleging J.L.D. to be a child in need of care because he was without adequate parental care and had been abused. J.L.D. was placed in a foster home. J.L.D. was found by the district court to be a child in need of care. The mother was present, but appellant apparently received no notice of the hearing.
A petition was filed seeking termination of the parental rights of both parents. Appellant does not dispute that he had proper notice of this hearing. Counsel was appointed for each of the parents.
Counsel for appellant filed a motion to transport the natural father from Florida to the hearing. The court sustained the motion and granted the father a continuance.
The mother's severance hearing was held, she was found to be unfit, and her parental rights were terminated. She did not appeal that decision.
Appellant's attorney was granted an additional six-week continuance to attempt to secure appellant's presence at the severance hearing. Thereafter, the hearing for the termination of the father's parental right was held. He was not present, although both the State and the father's attorney had contacted various Florida governmental officials to no avail. The parties were in agreement that it was not possible to obtain appellant's release from prison for the hearing.
*489 Appellant's attorney objected to proceeding with the hearing in his client's absence on the grounds that constitutional due process required the father's presence at the hearing. The district court overruled the objection on the basis that every possible effort had been made to obtain the father's presence, that the court had jurisdiction to hear the case, and that the severance hearing should proceed without the father's presence.
The hearing proceeded, evidence was admitted, and arguments were presented by counsel. Appellant did not seek to testify by deposition or to submit written interrogatories. At the close of the hearing, the district court found J.L.D. to be a child in need of care and, after making findings of fact, found appellant to be unfit by reason of conduct and condition which render him unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future.
The trial court balanced the best interests of the child against the rights of the father and concluded that it had jurisdiction to proceed with the severance of parental rights under K.S.A. 38-1583. The district court entered its termination order, and counsel for appellant filed a timely notice of appeal.
The sole issue presented on this appeal is whether the district court erred by severing the natural father's parental rights at a hearing at which the father was not present. Appellant does not, at least directly, challenge the sufficiency of the evidence on which the court based its finding that he was an unfit parent.
Appellant maintains that his right to due process under the Fourteenth Amendment to the United States Constitution was violated because his parental rights were severed at a hearing which, due to his incarceration, he was prevented from personally attending. He relies on the authority of In re S.M., 12 Kan. App.2d 255, 738 P.2d 883 (1987).
In In re S.M., the appellant father was incarcerated in the Kansas State Penitentiary, serving a three-to-ten-year sentence, at the time of the hearing to sever his parental rights. His counsel filed three separate motions asking that the father be brought to the hearing from prison so that he might be present to participate. The district court summarily denied the motions without balancing the interests of the parties. The hearing proceeded without *490 the presence of the father, although he was represented by counsel. His parental rights were severed.
The opinion in In re S.M. was written with an overly broad pen and would logically lead one to believe that a parent has an absolute right to be present at a severance hearing without regard to the particular circumstances in the individual case.
Simply stated, the broad concept set forth in that opinion is not supported by decisions of the United States Supreme Court or by the decisions of other appellate courts. See, e.g., In re Randy Scott B., 511 A.2d 450 (Me. 1986); In Interest of F.H., 283 N.W.2d 202 (N.D. 1979); Matter of Adoption of JLP, 774 P.2d 624 (Wyo. 1989). It cannot be disputed, however, that a parent has a fundamental liberty interest in maintaining a familial relationship with his or her child. In re Cooper, 230 Kan. 57, 631 P.2d 632 (1981).
When the State seeks to terminate the relationship between a parent and child, it must do so by fundamentally fair procedures that meet the requisites of due process. Santosky v. Kramer, 455 U.S. 745, 752-54, 71 L.Ed.2d 599, 102 S.Ct. 1388 (1982). Thus, the question is in each case, including the case before us, what process is due. Due process is not a static concept; rather, its requirements vary to assure the basic fairness of each particular action according to its circumstances.
The leading case is Mathews v. Eldridge, 424 U.S. 319, 334-35, 47 L.Ed.2d 18, 96 S.Ct. 893 (1976), which set forth three criteria to be considered: first, the private interests that will be affected by the official action; second, the risk of an erroneous deprivation of such interests through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and, finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
In Lassiter v. Department of Social Services, 452 U.S. 18, 27-31, 68 L.Ed.2d 640, 101 S.Ct. 2153 (1981), the Mathews criteria were used to determine if an indigent parent was entitled to counsel to satisfy due process.
In In re Cooper, 230 Kan. 57, the Kansas Supreme Court applied the Mathews criteria in a deprived child proceeding, citing Mathews and Goldberg v. Kelly, 397 U.S. 254, 25 L.Ed. *491 2d 287, 90 S.Ct. 1011 (1970), and Lassiter v. Department of Social Services, 452 U.S. 18. In Cooper, the court stated in Syllabus ¶ 2 that a determination of the safeguards necessary to afford constitutional due process must be evaluated in the light of the nature of the proceeding and the interests affected.
In In re S.M., 12 Kan. App.2d 255, the district court summarily overruled the father's motions asking that he be released from prison to appear at the hearing, although his presence could have been obtained. The record failed to show that the trial court considered the essential factors set forth in Mathews.
In the present case, the evidence was undisputed that after diligent efforts were made by counsel the father's personal presence in court could not be obtained. The father did not provide his testimony by deposition or written interrogatories and actually consented to the child's adoption by the maternal grandparents. The father was serving an extended term in prison and would not be available to render proper care for the child within the foreseeable future.
Loss of parental rights is extremely important, but it should be weighed against the loss by the child of the right to a prompt judicial determination of his status. A prisoner serving a lengthy prison term should not be able to use his due process rights to foreclose permanently any severance proceedings.
A child should be afforded the opportunity to have a childhood complete with a family and caring parents. For J.L.D., his only hope for parents who can attend to his needs is through adoption.
We affirm the decision of the trial court, which balanced the child's rights, the father's rights, and the State's rights and made the only reasonable decision possible  to proceed with the severance hearing.
Affirmed.