Daryl and Juanita COOK, Plaintiffs,

v.

James BOYD, Defendant.

Civ. A. No. 94–5691.

United States District Court,
E.D. Pennsylvania.

March 28, 1995.

172

Daryl Cook, Waynesburg, PA, pro se.

Juanita W. Cook, Pittsburgh, PA, pro se.

Randall J. Henzes, Office of Atty. Gen., Philadelphia, PA, for James Boyd.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiffs are Daryl Cook, an inmate at a state correctional institution, and his wife Juanita Cook, who is not incarcerated. The plaintiffs have filed a complaint under 42 U.S.C. § 1983 alleging that defendant James Boyd, a counselor at Graterford prison where plaintiff Daryl Cook ("Cook") was formerly housed, subjected Cook to cruel and inhuman punishment in violation of the Eighth Amendment, denied him his right to protect his family interests and his right to access to the courts without due process, and violated his right to equal protection under the laws when Boyd prohibited Cook from participating over the telephone in his daughter's custody hearing. As a corollary to these claims, the plaintiffs also assert that Juanita Cook, the child's stepmother, was deprived of her constitutional rights when her husband was prohibited from participating in the custody hearing.

Presently before the Court are Cook's and Boyd's cross motions for summary judgment. For the reasons that follow, the Court will deny Cook's motion for summary judgment and grant Boyd's motion.[1]

### I.

On approximately August 4, 1994, Cook was transferred from the State Correctional

---

1. Juanita Cook has also filed a motion to proceed in forma pauperis and the plaintiffs have filed a motion to have counsel appointed for them. These will be addressed by the Court as well.

Institution at Frackville to Graterford, where he was placed in a Restricted Housing Unit. On August 16, 1994, he received a misconduct report for unauthorized use of the telephone after reportedly disobeying a corrections officer's order to hang up the telephone. The following day, attorney James Alter, who was appointed by the Juvenile Court of Allegheny County to represent Cook's interest in a custody hearing involving Cook's daughter, telephoned Graterford to request that Cook be allowed to participate by telephone at the custody hearing. At this hearing, a determination as to whom to award custody of Cook's daughter was to be made in light of a petition by Children & Youth Services to place the child in foster care and to terminate the custodial rights of the child's biological mother. Boyd answered the call and informed Alter that Cook had received a misconduct report for unauthorized use of the telephone and that his telephone privileges had been suspended. As a result of not being able to take the call, Cook did not participate in the hearing. At the hearing the court awarded custody of Cook's daughter to Juanita Cook.

Cook filed the present pro se lawsuit seeking damages as a result of Boyd's actions and the Court permitted Cook to proceed in forma pauperis. Cook shortly thereafter filed an amended complaint, adding Juanita Cook as a plaintiff. Juanita Cook now seeks to proceed in forma pauperis. Both plaintiffs also seek appointment of counsel.

## II.

■ The standards by which a court decides a summary judgment motion do not change when the parties file cross motions. *Southeastern Pennsylvania Transportation Auth. v. Pennsylvania Pub. Utility Comm'n,* 826 F.Supp. 1506, 1512 (E.D.Pa.1993), *aff'd,* 27 F.3d 558 (3d Cir.1994). Summary judgment may thus be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on cross motions for summary judgment, a ruling court must consider the motions independently. *Williams v. Philadelphia Hous. Auth.,* 834 F.Supp. 794, 797

(E.D.Pa.1993), *aff'd,* 27 F.3d 560 (3d Cir. 1994). Accordingly, the evidence in each motion is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The moving party bears the initial burden of pointing out the absence of genuine issues of material fact, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), but once it has done so, the party opposing the motion cannot rest on its pleadings, *see* Fed.R.Civ.P. 56(e). Rather, the opposing party must come forward with facts showing that a genuine issue exists. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

## III.

### A.

■ The first issue the Court addresses is whether to permit Juanita Cook to proceed in forma pauperis. It appearing that Juanita Cook indeed cannot afford the filing fee, her motion to proceed in forma pauperis is granted. Her claim is dismissed as frivolous, however, as the Court concludes that the claim is "based on an indisputably meritless legal theory." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (discussing 28 U.S.C.A. § 1915(d) (West 1966)). In order for plaintiff Juanita Cook to state a compensable claim under 42 U.S.C. § 1983 she must assert that "(1) ... the conduct complained of was committed by a person acting under color of state law; and (2) [that] this conduct deprived [her] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Juanita Cook has not identified any right, privilege or immunity secured by the Constitution of the United States to have her husband present at a hearing involving custody of her stepdaughter. Therefore, her claim is dismissed as frivolous. 28 U.S.C.A. § 1915(d) (West 1966).

### B.

As to Daryl Cook's claims, he asserts that Boyd deprived him of his rights under the Eighth and Fourteenth Amendments when Boyd refused to permit him to participate by telephone in his daughter's custody hearing.

 Boyd has chosen to counter Cook's claims here by arguing that he is entitled to qualified immunity. As a state official, Boyd is entitled to qualified immunity for his actions if a reasonable official in Boyd's position could have believed that his actions or decisions were lawful in light of existing law and the information he possessed at the time he acted. *Hunter v. Bryant,* 502 U.S. 224, 226, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991); *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Though qualified immunity is meant to protect "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), it is Boyd's burden to show that he is entitled to qualified immunity, *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982). Before reaching the question of whether a reasonable individual would have believed Boyd's actions to be lawful, however, the Court must make "a threshold determination of whether the constitutional rights asserted by the plaintiff were clearly established at the time the defendant officials acted, and whether the plaintiff has asserted a violation of a constitutional right at all." *Giuffre v. Bissell,* 31 F.3d 1241, 1255 (3d Cir.1994) (citation omitted). The Court now turns to Daryl Cook's individual claims for this determination.

### 1. Eighth Amendment·

 In order to succeed on his Eighth Amendment claim, Cook must meet two separate requirements. First, he must prove that the deprivation effected by Boyd's conduct was "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298–99, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Second, he must demonstrate an element of scienter, that is, whether Boyd had a "sufficiently culpable state of mind." *Id.* With respect to the first requirement, a deprivation is considered serious enough to rise to the level of a constitutional violation only if the prisoner is deprived of the "minimal civilized measure of life's necessities," *Kost v. Kozakiewicz,* 1 F.3d 176, 188 (3d Cir.1993) (citations omitted), and the deprivation complained of is so "grave that it violates contemporary standards to decency," *Helling v. McKinney,* —— U.S. ——, ——, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993). This being the criteria Cook must meet, the Court need look no further on this claim, as Cook's argument fails this initial step in the Court's inquiry. Cook complains that he "suffered great mental anguish worrying about what was happening at the hearing ... and could not eat and suffered lack of sleep"· when he was not permitted to participate. Plaintiff's Complaint ¶ 3. However, this condition lasted by his own admission only one day, that is, until he learned the next day that "him [sic] and his wife Juanita Cook won custody of his daughter." *Id.* While the condition that Cook complains of was perhaps distressing for the short period it lasted, it clearly does not rise to the level of deprivation proscribed by the Eighth Amendment. Summary judgment is therefore granted in favor of Boyd on this claim.

### 2. Fourteenth Amendment

Having concluded that Cook has stated no constitutionally cognizable claim under the Eighth Amendment, the Court now addresses Cook's two remaining claims, both of which arise under the due process clause of the Fourteenth Amendment. Cook argues that he was deprived of his right to "protect his legal rights regarding his daughter," Plaintiff's Complaint ¶ 5(a), and that he was denied access to the courts when Boyd refused to allow him to speak on the telephone, *id.* ¶ 7. The Court will address these arguments in turn.[2]

---

2. Cook makes an additional equal protection claim which the Court will consider to be more appropriately made · under the due process clause. In this claim, Cook states that he was deprived of his right to equal protection in that he was discriminated against for receiving a misconduct report when Boyd did not investigate the facts surrounding the report and refused to

### a. *Family Interest*

It is well established that prisoners do not have an absolute constitutional right to be present in their own civil actions. *Price v. Johnston,* 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1059–60, 92 L.Ed. 1356 (1948); *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir.1987); *Demoran v. Witt,* 781 F.2d 155, 158 (9th Cir.1986); *Stone v. Morris,* 546 F.2d 730, 735 (7th Cir.1976); *Martin v. Potter,* 635 F.Supp. 645, 646 (D.V.I.1986), *aff'd,* 877 F.2d 56 (3d Cir.1989). Unlike a basic civil action claim, however, a person has a fundamental liberty interest in maintaining a parental relationship with his children. *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 554–55, 54 L.Ed.2d 511 (1978). Due process must thus be afforded to an individual who is having his parental rights challenged. *Santosky v. Kramer,* 455 U.S. 745, 752–54, 102 S.Ct. 1388, 1394–95, 71 L.Ed.2d 599 (1982). Where the state seeks to alter the parental rights of an incarcerated parent who cannot attend court proceedings concerning his child, it has been held that a telephonic connection between a prisoner and the court that conducts the hearing is sufficient to satisfy due process concerns. *See In re Wayne A. II,* 25 Conn.App. 536, 541, 595 A.2d 373, 375 (1991).

No federal court appears to have addressed the issue of whether an incarcerated individual is denied his due process rights if he is kept from participating by telephone in his child's custody hearing. State courts, however, have repeatedly held that the due process rights of a prisoner who has been prohibited from participating in a custody hearing are not violated where the prisoner was represented by counsel at the hearing and was neither denied an opportunity to present testimony in some form on his behalf nor denied the opportunity to cross-examine witnesses. As one court recently explained:

Due process requires that [a] respondent be given notice of the termination proceedings and an opportunity to be heard or defend and to have the assistance of legal counsel. An action for termination of the parent-child legal relationship is a civil action; therefore, neither due process nor other guarantees confer a right of confrontation on a respondent or require his presence at a termination hearing. Thus, if a respondent has an opportunity to appear through counsel and is given an opportunity to present evidence and cross-examine witnesses through deposition or otherwise, his due process rights are not violated.

*People, In Interest of C.G.,* 885 P.2d 355, 356 (Colo.Ct.App.1994) (citations and quotations omitted); *accord Pignolet v. State Dep't of Pensions & Sec.,* 489 So.2d 588, 590–91 (Ala. Civ.App.1986); *In Interest of J.S.,* 470 N.W.2d 48, 52 (Iowa Ct.App.1991); *In re Randy Scott B.,* 511 A.2d 450, 452–54 (Me. 1986); *In re Raymond Dean L.,* 109 A.D.2d 87, 490 N.Y.S.2d 75, 77–78 (N.Y.1985); *In re Interest of L.V.,* 240 Neb. 404, 414–418, 482 N.W.2d 250, 257–59 (1992); *In re Quevedo,* 106 N.C.App. 574, 578–82, 419 S.E.2d 158, 160–62 (1992); *In re F.H.,* 283 N.W.2d 202 (N.D.1979); *In re Rich,* 604 P.2d 1248, 1252–53 (Okla.1979); *In re Darrow,* 32 Wash.App. 803, 806–09, 649 P.2d 858, 859–61 *review denied,* 98 Wash.2d 1008 (1982); *see also In re J.L.D.,* 14 Kan.App.2d 487, 794 P.2d 319 (1990); *In re Vasquez,* 199 Mich.App. 44, 501 N.W.2d 231 (1993); *In re Welfare of HGB, MAB, & DJB,* 306 N.W.2d 821 (Minn.1981); *In re Guardianship and Custody of A.O., C.G.O., & A.C.,* 157 Misc.2d 177, 596 N.Y.S.2d 971, 973 (N.Y.Fam.Ct.1993).

In this case, Cook was afforded the services of a state-appointed attorney who was present at the custody hearing and aptly represented Cook's interests.[3] Cook was also not prohibited by the Allegheny County Court of Common Pleas from offering testi-

---

allow Cook to take the call. Plaintiff's Complaint ¶ 6. Cook has failed to state an equal protection claim, however, in that he has not alleged that the rule about which he complains is discriminatorily applied to a class consisting of individuals who have received a misconduct report. Though Cook has failed to identify a legal basis for pursuing this claim on equal protection grounds, the

claim shall nonetheless be treated as one made under the due process clause.

**3.** The attorney's efforts were in fact successful as he was able to ensure that Juanita Cook received custody of Daryl Cook's daughter in the face of an attempt by state authorities to place the child in foster care.

mony (through videotape or other recorded form) nor denied by the court the ability to cross-examine through counsel witnesses testifying against his interests. Therefore, even assuming the facts to be as Cook stated them, specifically, that Boyd refused to allow Cook to participate in the custody hearing via telephone because Boyd stated that Cook had lost his phone privileges, Boyd did not take anything from Cook that Cook was constitutionally entitled to receive. The Court concludes that Cook was not denied his constitutional right to protect his family interests, and, by consequence, the claim must be dismissed.

### b. *Access to the Courts*

Finally, Cook claims that Boyd denied him his right to access to the courts in violation of the due process clause of the Fourteenth Amendment.[4] "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Where a prisoner is provided an attorney by the state to represent him at a civic hearing, the prisoner's right to access to the courts is vindicated. *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir.1988). Because the state provided Cook with an attorney to represent his interests at the custody hearing, Cook's claim of denial of access to the courts is without merit. Boyd's motion for summary judgment on this issue is therefore granted and the claim is dismissed.

### IV.

There being no basis upon which the plaintiffs may proceed on their claims, the Court shall grant summary judgment to Boyd and all claims shall be dismissed. An appropriate order follows.

### *ORDER*

**AND NOW,** this 28th day of March, 1995, upon consideration of the Motion for Appointment of Counsel (Doc. No. 4), plaintiff Juanita Cook's Motion to Proceed in Forma Pauperis (Doc. No. 5), plaintiff Daryl Cook's motion for summary judgment (Doc. No. 14) and the response thereto, and defendant Boyd's motion for summary judgment (Doc. No. 15), **IT IS ORDERED** that:

1. Plaintiff Juanita Cook's Motion to Proceed in Forma Pauperis is **GRANTED** and her claim is **DISMISSED.**

2. Plaintiff Daryl Cook's motion for summary judgment is **DENIED.** Defendant Boyd's motion for summary judgment is **GRANTED.**

3. The motion for appointment of counsel is **DENIED AS MOOT.**

4. All claims in this matter are **DISMISSED. JUDGMENT** is **ENTERED** in favor of James Boyd and the case shall be marked **CLOSED.**

**AND IT IS SO ORDERED.**

---

4. Cook avers that he was denied "meaningful access to the court, without due process of law in violation of the First and Fourteenth Amendment of the United States Constitution." Plaintiff's Complaint ¶ 7. The right to access to the courts has been held to fall under the petition clause of the First Amendment in those cases where denial of the right is made in retaliation for the filing of a prior lawsuit. *See Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir.1981) ("[P]ersons in prison, like other individuals, have the right to petition the government for redress of grievances which, of course, includes access of prisoners to the courts for the purposes of presenting their complaints." (quotation omitted)). With those circumstances not present in the case here, Cook proceeds solely under the due process clause of the Fourteenth Amendment.