26 Kan. App.2d 413 (1999)
988 P.2d 276
In the Interest of C.H.W., E.D.W., K.F.D., and P.D.D., Minor Children Under the Age of Eighteen Years.
No. 82,547.
Court of Appeals of Kansas.
Opinion filed August 27, 1999.
*414 Timothy H. Henderson, of Social and Rehabilitation Services, of Wichita, for appellant.
Becky C. Hurtig, of Derby, for appellee natural mother.
Before LEWIS, P.J., WAHL, S.J., and ROBERT W. FAIRCHILD, District Judge, assigned.
WAHL, J.:
The Kansas Department of Social and Rehabilitation Services (SRS) filed a motion for termination of parental rights. The attorney for the natural mother made a motion to dismiss SRS's motion for lack of specificity. The district court granted the motion to dismiss and ordered SRS to file an amended motion. SRS appeals.
The Sedgwick County District Attorney's office filed a child in need of care petition involving the minor children, C.H.W., E.D.W., and K.F.D., and their mother. Several weeks later, the children were adjudicated to be children in need of care. Subsequently, P.D.D. was born and a child in need of care case was filed for him. His case was consolidated with the older children's case.
About 18 months later, SRS filed a motion asking the court to terminate parental rights to C.H.W. and E.D.W. only. The motion set forth three numbered paragraphs which incorporated by reference (1) the filed petition in the case; (2) the court's journal entries from seven different hearings; and (3) the information from reports submitted to the court for those hearings as noted in the 21 exhibits which were attached. The exhibits totaled 48 pages. The motion's concluding paragraph requested that parental rights be terminated "pursuant to K.S.A. 38-1583(a)(b)(2)(3)(4)(7)(8)(c)(1)(2)(3)(4)(d)(e)."
Six days later, a review hearing was held. When the court asked if there were any objections to the recent reports being admitted, the mother's attorney objected because SRS had filed a motion to terminate. The attorney informed the court a written objection to SRS's motion would be forthcoming. The court advised the attorney that an oral objection could be made.
The mother's attorney argued the motion did not comply with the statutory requirement of stating the specific facts relied upon to terminate parental rights. The attorney alleged that the numerous *415 exhibits made it difficult to determine which allegations were the basis for SRS's motion. Further, the attorney contended, to advise the mother of the basis for the motion, the attorney had to share these privileged and confidential documents with the mother.
In response to the confidentiality argument, SRS argued that because the documents could be admitted in evidence at a court hearing, they could be shared with the parents as exhibits to the motion to terminate. In response to the lack of specificity, SRS argued that providing the entire reports made the motion more specific than stating a paragraph from the report.
The court dismissed SRS's motion and ordered the case continued to "receive SRS's amended motion for termination of the parental rights of [the parents.]" SRS filed a notice of appeal.

Does this court have jurisdiction?
This court filed an order to show cause regarding jurisdiction. It questioned whether the district court's order was a final appealable order pursuant to K.S.A. 1998 Supp. 38-1591(a). Only SRS responded. It argued the district court's order is final under K.S.A. 60-2102(a)(1), In re T.D.W., 18 Kan. App.2d 286, 850 P.2d 947 (1993), and Valley State Bank v. Geiger, 12 Kan. App.2d 485, 748 P.2d 905 (1988).
"The right to appeal is entirely statutory .... [Citation omitted.] An appellate court has the duty of questioning jurisdiction on its own motion. If the record discloses a lack of jurisdiction, the appeal must be dismissed. [Citation omitted.]" McDonald v. Hannigan, 262 Kan. 156, 160, 936 P.2d 262 (1997).
In re T.D.W. does not support SRS's argument. In In re T.D.W., the State appealed from the denial of its motion to terminate parental rights. Because case law indicated the State cannot file a new termination motion based solely on the exact circumstances alleged in a prior motion which was denied, the trial court's decision on those exact circumstances is final to the State. In re T.D.W., 18 Kan. App.2d at 289. Here, a proceeding was not held on the merits of the motion. Thus, the alleged circumstances for termination would not become res judicata.
*416 Valley State Bank does not support SRS's argument either. It involved a mortgage foreclosure action where the debtor appealed the trial court's order of sale directing the sale of the property in parcels different from those requested by the debtor. Since the statutes provided for further court action after the issuing of the order of sale, the order was not a final determination of the title to the real estate. Because the order was not final, the appeal was dismissed. Here, the dismissal of SRS's motion did not terminate the case.
K.S.A. 38-1501 et seq. is the statutory authority in the code for care of children. K.S.A. 1998 Supp. 38-1591(a) provides that any interested party may appeal from "any adjudication, disposition, termination of parental rights or order of temporary custody in any proceedings pursuant to this code." Appeal procedures are "governed by article 21 of chapter 60 of the Kansas Statutes Annotated." K.S.A. 1998 Supp. 38-1591(c).
The Court of Appeals' jurisdiction may be invoked by appeal as a matter of right from an "order that discharges, vacates or modifies a provisional remedy." K.S.A. 60-2102(a)(1). SRS argues this statute is applicable; however, the trial court did not dismiss a provisional remedy. The orders finding the children to be in need of care and placing them in temporary custody of the State are still valid.
Jurisdiction may also be invoked by appealing from a final decision in any action. Then, "any act or ruling from the beginning of the proceedings shall be reviewable." K.S.A. 60-2102(a)(4). A final decision is a decision "which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court. [Citation omitted.]" Skahan v. Powell, 8 Kan. App.2d 204, 205-06, 653 P.2d 1192 (1982).
Here, the order does not decide and dispose of the entire merits of the controversy. Further court action is necessary. The order dismissing the motion for termination of parental rights is not final. Skahan, however, recognized the "collateral order" doctrine which allows appeals from a decision that is not a final decision under K.S.A. 60-2102(a)(4). 8 Kan. App.2d at 206 (citing Cohen v. Beneficial *417 Loan Corp., 337 U.S. 541, 93 L. Ed. 1528, 69 S. Ct. 1221 [1949]).
The collateral order doctrine has three requirements. The "order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." 8 Kan. App.2d at 206.
Here, the order conclusively determined the motion was defective. The form of the motion is completely separate from the actual merits of the case and has public importance because SRS is an interested party in children in need of care cases statewide. Also, the order may not be reviewable. If SRS succeeds on its amended motion, it would have to appeal from a favorable decision to review this ruling and then the issue may be moot if SRS is no longer prejudiced.
Under the collateral order doctrine, this court has jurisdiction of this appeal.

Did the district court err in dismissing SRS's motion?
This issue requires an interpretation of K.S.A. 1998 Supp. 38-1581(b) and K.S.A. 1998 Supp. 38-1506(b). Statutory interpretation is a question of law and appellate review is unlimited. Hamilton v. State Farm Fire & Cas. Co., 263 Kan. 875, 879, 953 P.2d 1027 (1998).
A pleading requesting termination of parental rights "shall contain a statement of specific facts which are relied upon to support the request, including dates, times and locations to the extent known." (Emphasis added.) K.S.A. 1998 Supp. 38-1581(b).
SRS relies upon In re D.R.R., 25 Kan. App.2d 561, 965 P.2d 861 (1998), to support its motion, but the reliance is misplaced. In In re D.R.R., the mother argued she was denied due process when the trial court did not prepare a written pretrial order pursuant to Supreme Court Rule 140(e) (1997 Kan. Ct. R. Annot. 167). The specificity of the State's motion to terminate was not an issue. The court stated: "The State fully set forth the basis of its case in the motion for termination.... The State pled a presumption of unfitness based on prior terminations of appellant's parental rights *418 and the findings of fact contained in the journal entries of prior terminations." 25 Kan. App.2d at 564-65. This language does not indicate the State's motion incorporated attached exhibits by reference without making any specific factual allegations in the motion.
SRS's comparison of its motion for termination to a petition in a contract case which incorporates the contract as an exhibit is also misplaced. K.S.A. 1998 Supp. 60-209(h) specifically authorizes such a procedure when the claim, defense, or counterclaim is founded upon a written instrument. Here, the claim is not founded upon a contract, and this procedure is not authorized under the code for care of children.
The Kansas Supreme Court addressed a similar issue in a case involving a guaranty agreement attached to a petition. In Hoover Equipment Co. v. Smith, 198 Kan. 127, 422 P.2d 914 (1967), the husband signed a sale contract requiring installment payments to plaintiff. A separate guaranty for the installment payments was signed by the husband and wife. The petition contained allegations necessary to obtain foreclosure of a real estate mortgage and attached copies of all contracts as exhibits. It did not contain allegations about the guaranty agreement. The issue was whether the petition stated a claim based upon the guaranty contract.
The plaintiff argued that attaching the guaranty was sufficient to allege a claim under the guaranty agreement pursuant to K.S.A. 60-209(h) and 60-210(c) (an exhibit attached to a pleading is a part thereof for all purposes). The court held an exhibit attached to a pleading cannot take the place of an allegation lacking in the pleading when such allegation is necessary to declare a legal claim for relief against an opposing party. Hoover Equipment Co. v. Smith, 198 Kan. at 132.
Here, SRS referenced and incorporated each report in its motion. This distinction is not persuasive. Under the language of Hoover Equipment Co., referencing and incorporating a document is not the same as making an allegation stating a claim upon which relief can be granted. Because K.S.A. 1998 Supp. 38-1581 requires specific facts to be stated in a motion for termination of parental rights, the holding in Hoover is even more pertinent. It acknowledges *419 an exhibit may be considered as part of a pleading to clarify, explain, or document the same, but an exhibit to a pleading cannot serve the purpose of supplying necessary material averments. The exhibit's content cannot be taken as part of the allegations of the pleading itself.
In addition to statutory concerns, the parent/child relationship is a liberty interest protected by the Fourteenth Amendment Due Process Clause. Notice and an opportunity to be heard and to defend are the essential requirements of due process. In re S.M., 12 Kan. App.2d 255, 256, 738 P.2d 883 (1987). SRS must meet the due process requisites by fundamentally fair procedures when seeking to terminate the parent/child relationship. Three criteria are considered:
"[F]irst, the private interests that will be affected by the official action; second, the risk of an erroneous deprivation of such interests through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." In re J.L.D., 14 Kan. App.2d 487, 490, 794 P.2d 319 (1990) (citing Mathews v. Eldridge, 424 U.S. 319, 334-35, 47 L. Ed.2d 18,96 S. Ct. 893 [1976]).
The loss of all parental rights by SRS's actions involves significant private interests. The procedure of incorporating entire reports by reference without making specific allegations in the pleading leaves parents and their attorneys to defend against all allegations in the reports or to choose certain allegations in the reports to defend against. By the latter approach, parents risk losing their children if they choose the wrong allegations to defend. By comparison, the probable value of requiring specific allegations in the motion as a procedural safeguard is strong since it eliminates the guesswork.
Protecting parents from unclear pleadings must be weighed against SRS's interest in protecting children from abusive or neglectful parents. Requiring SRS to specifically allege in its motion the basis for termination will require more time to prepare the motion. SRS wants to shift the additional time to glean the merits from the reports for termination to the parents and their attorneys. This preparation time is an inconsequential inconvenience to SRS, *420 and to shift that burden to the parents is not a fundamentally fair procedure to meet due process requirements.
Under K.S.A. 1998 Supp. 38-1506(b), the court's social file consists of reports and information received by the court, but it does not include the pleadings or official file. The social file "shall be privileged and open to inspection only by the guardian ad litem or an attorney for an interested party or upon court order. The reports shall not be further disclosed by the guardian ad litem or attorney without approval of the court or by being presented as admissible evidence."
SRS argues it is permissible to disclose the information contained in the social file. The only authority it cited for the definition of "admissible" was Black's Law Dictionary. SRS overlooks the definition of "admissible evidence," which is the term used in K.S.A. 1998 Supp. 38-1506(b). Admissible evidence "means that the evidence introduced is of such a character that the court or judge is bound to receive it; that is, allow it to be introduced at trial." Black's Law Dictionary 47 (6th ed. 1990).
The key words are "the evidence introduced." Evidence is introduced at a court hearing on the merits. The adversarial process is at work during a court hearing. Documentation which may be admissible could be denied admission in evidence because of other overriding concerns. Reports may be cumulative, irrelevant, or inadmissible for another reason, such as hearsay.
SRS argues that if it is prohibited from attaching the reports to its motion, the statute is effectively interpreted to mean admitted evidence. If so, the other parties would not receive the reports in time to prepare a meaningful defense. This is misleading. First, the reports become available to the other parties when SRS presents them for admission into evidence, not after the court admits them into evidence. Second, the statute allows the social file to be available to the attorneys prior to the hearing. The prohibition is disclosing the social file to anyone other than the attorneys for the parties. If the motion sets forth specific allegations, the attorneys can share this information with their clients. In preparation for the hearing, the attorneys have the responsibility to determine which *421 information from the social file could be used to prove or deny the allegations of the motion.
Did the district court violate the separation of powers doctrine?
SRS contends the court violated the separation of powers doctrine by ordering it to file an amended motion for termination of parental rights and requests a reversal of this order.
The question of whether one branch of government has usurped the power of another branch has been stated as a constitutional question. See State v. Greenlee, 228 Kan. 712, 716, 620 P.2d 1132 (1980). This issue was not presented to the trial court; however, a newly asserted theory can be reviewed if it involves only a question of law arising on proved or admitted facts which is finally determinative of the matter. In re Conservatorship of Marcotte, 243 Kan. 190, 196, 756 P.2d 1091 (1988). We believe this issue must be resolved. The standard of review on questions of law is unlimited. Hamilton v. State Farm Fire & Cas. Co., 263 Kan. at 879.
The standards to be applied for determining whether the separation of powers doctrine was violated are stated in State v. Compton, 233 Kan. 690, 664 P.2d 1370 (1983). The separation of powers doctrine means the whole power of one branch of government should not be exercised by the same hands which possess the whole power of either of the other branches. A complete separation is neither necessarily desirable nor intended by the Constitution. It has long been recognized that the powers of one branch may overlap with another branch's powers. Recent cases have taken a pragmatic, flexible, and practical approach which recognizes the fact there is a certain degree of blending of the three powers of government and a complete separation of powers is impossible. Kansas cases involving the separation of powers have established general principles. State v. Compton, 233 Kan. at 696-97.
Compton states four general principles for separation of powers issues. Two of these principles are applicable to SRS's argument. First, when there is a significant interference by one branch with the operations of another branch, a usurpation of powers exists. Second, to determine if a usurpation of powers exists, a court should consider "(a) the essential nature of the power being exercised; *422 (b) the degree of control by one [branch] over another; (c) the objective sought to be attained by the [branch exercising control]; and (d) the practical result of the blending of powers as shown by actual experience over a period of time. [Citation omitted.]" 233 Kan. at 697.
Applying these principles, the trial court's order for SRS to file an amended motion was not a significant interference by the judicial branch with the operations of the executive branch. The trial court was applying its judicial power by ordering SRS to comply with K.S.A. 1998 Supp. 38-1506(b) and K.S.A. 1998 Supp. 38-1581. The court's objectives were to have motions filed in compliance with the statutes and to continue a timely progression of the case. The practical result of ordering SRS to file an amended motion to be received on the next court date is of little consequence. SRS had already shown its intention to terminate the parental rights when it filed the initial motion.
This issue is without merit.
Affirmed.